BOOTH, Judge.
This cause is before us on appeal from two consecutive sentences imposed upon the appellant, Andre Lestella Harmon, under the Youthful Offender Act, Florida Statutes, Section 958.04 et seq. (1979). Harmon was transferred for adult prosecution after being charged with one count each of armed burglary and sexual battery, which arose out of the same criminal episode. Harmon entered a plea of nolo contendere to each count, and the parties stipulated that he would be sentenced as a youthful offender on each count consecutively. The trial court adjudicated Harmon guilty of armed burglary under the first count and sentenced him to six years imprisonment, with a one-year minimum mandatory sentence and the specification that, after four years imprisonment, he be placed in a community control center for two years. See Florida Statutes, Section 958.05 (1979). Under the second count, sexual battery, the court imposed an identical sentence, except that it made the sentence on the second count consecutive to the sentence imposed on the first count.
On appeal, Harmon urges that the imposition of consecutive sentences under the Youthful Offender Act was illegal, as a proper construction of Section 958.05(2) (1979) would limit the total sentence imposed to six years.[1] We reject this contention and affirm the sentences imposed below. A defendant may be sentenced consecutively or concurrently whenever separate sentences may be imposed for two or more offenses. Florida Statutes, Section 775.021(4) (1979); State v. Bay, 331 So.2d 316 (Fla.1976). Application of a different rule to. youthful offenders would be contrary to the intent of the Youthful Offender Act, which is to provide the court with a sentencing tool enabling it to impose the most appropriate sentence in each particular case. Florida Statutes, Section 958.021 (1979); Killian v. State, 387 So.2d 385 (Fla. 2d DCA 1980). Here, while Harmon clearly met the criteria for sentencing as a youthful offender, Florida Statutes, Section 958.-04 (1979), the trial court properly found *1220 that the seriousness of his offenses required consecutive sentences for the protection of society.
Although the State has conceded that Harmon was properly sentenced as a youthful offender on both counts, nonetheless we have examined the facts of this case in light of our recent decision in Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), decided subsequent to the proceedings below. In Goodson, we held that application of the Youthful Offender Act was mandated as to the defendant’s first felony but not as to his second, where the second conviction occurred prior to sentencing. We find no conflict with that opinion. Goodson does not preclude a court from exercising its discretion to sentence a defendant who has been adjudicated guilty of a second felony as a youthful offender. Barnhill v. State, 393 So.2d 557 (Fla. 4th DCA 1980).
Affirmed.
JOANOS, J., and PEARSON, TILLMAN (Retired), Associate Judge, concur.

. Florida Statutes, § 958.05 (1979) provides in relevant part:
Judicial disposition of youthful offenders. If the court classifies a person a youthful offender, in lieu of other criminal penalties authorized by law, the court shall dispose of the criminal case as follows:
(1) The court may place the youthful offender on probation in a community control program, with or without an adjudication of guilt, for a period not to exceed 2 years or extend beyond the 23rd birthday of the defendant.
(2) The court may commit the youthful offender to the custody of the department for a period not to exceed 6 years. The sentence of the court shall specify a period of not more than the first 4 years to be served by imprisonment and a period of not more than 2 years to be served in a community control program. The defendant shall serve the sentence of the court unless sooner released as provided by law. (emphasis supplied)