515 So.2d 256 (1987)
Vincent Lorenzo ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. BR-83.
District Court of Appeal of Florida, First District.
September 17, 1987.
On Motion for Rehearing November 10, 1987.
Thomas M. Jaworski, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Allen appeals the trial court's order denying his Motion for Post Conviction Relief, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. Appellant argues that the trial court erred by denying his motion for relief from an illegal sentence. We agree, reverse, and remand for resentencing.
On December 4, 1979, appellant pled guilty to grand theft and bail bond jumping, and was sentenced as a youthful offender according to Chapter 958, Florida Statutes (1979). Pursuant to a plea bargain with the state, on count one appellant *257 was sentenced to six years, four years incarceration followed by two years community control with credit for 57 days. For his second offense appellant again received a sentence of six years, four years incarceration followed by two years community control, also with credit for 57 days, to run consecutively.
Both grand theft and bail bond jumping are third degree felonies, each punishable by a maximum prison term of five years. See sections 812.014(2)(b), 843.15, 775.082(3)(d), Florida Statutes (1979). Also, the sentencing provisions of the Youthful Offender Act are the exclusive sanctions that may be imposed for defendants classified as youthful offenders.[1]See Dean v. State, 476 So.2d 318, 319 (Fla. 2d DCA 1985). Appellant argues that a defendant may not be sentenced as a youthful offender in excess of the statutory maximum sentence an adult may receive for the same crime. His view is correct according to State v. Milbry, 476 So.2d 1281 (Fla. 1985). We, therefore, find that appellant's sentences of six years for each of his third degree felony offenses are illegal, and must be reduced to a maximum of a five year total sentence of imprisonment and community control for each conviction. See also Williams v. State, 485 So.2d 45 (Fla. 2d DCA 1986).
Appellant also argues that a trial court may not pronounce consecutive sentences for a defendant designated as a youthful offender. This point is controlled by Harmon v. State, 397 So.2d 1218 (Fla. 1st DCA 1981), wherein this court found that a youthful offender may be sentenced consecutively if need be to protect society and where separate sentences may be imposed for two or more offenses. We, therefore, find that the trial court did not commit error in imposing consecutive sentences. We do note, however, the apparent conflict between the Harmon case and Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985).
As to appellant's argument that his plea was not voluntary, we find that the Plea and Negotiated Sentence document, as well as the sentencing transcript, more than adequately refute that assertion. Also, the record reveals that the trial court allowed appellant a recess in which he could confer with his attorney and mother before changing his plea from not guilty to guilty in exchange for the plea bargain offered by the state. Further, the record reveals that the judge questioned appellant as to his understanding of the potential consequences of his pleas. However, although we find that appellant's pleas were made voluntarily, a defendant cannot by agreement confer upon the trial court the authority to impose an illegal sentence. Williams v. State, 500 So.2d 501 (Fla. 1986) (trial court could not impose an illegal sentence pursuant to a plea bargain although defendant had agreed to a sentence departing from the sentencing guidelines recommendation).
Accordingly, appellant's convictions are affirmed, and this case is reversed and remanded for resentencing consistent with this opinion.
WIGGINTON and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant's motion for rehearing is denied. However, pursuant to Rule *258 9.030(a)(2)(A)(vi) Florida Rules of Appellate Procedure, we certify conflict between the instant opinion based on this court's earlier decision in Harmon v. State, 397 So.2d 1218 (Fla. 1st DCA 1981), and Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985), on the issue of whether a youth sentenced under the Youthful Offender Act may be sentenced consecutively so that his total commitment exceeds the six year youthful offender maximum prescribed in § 958.04(2)(d) Florida Statutes.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] Section 958.05 Florida Statutes (1979), of the Youthful Offender Act provides in pertinent part:

958.05 Judicial disposition of youthful offenders.  If the court classifies a person a youthful offender, in lieu of other criminal penalties authorized by law, the court shall dispose of the criminal case as follows:
(1) The court may place the youthful offender on probation in a community control program, with or without an adjudication of guilt, for a period not to exceed 2 years or extend beyond the 23rd birthday of the defendant.
(2) The court may commit the youthful offender to the custody of the department for a period not to exceed 6 years. The sentence of the court shall specify a period of not more than the first 4 years to be served by imprisonment and a period of not more than 2 years to be served in a community control program. The defendant shall serve the sentence of the court unless sooner released as provided by law.