526 So.2d 69 (1988)
Vincent Lorenzo ALLEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 71495.
Supreme Court of Florida.
June 9, 1988.
Judith A. Quandt of Florida Institutional Legal Services, Inc., Gainesville, for petitioner.
Robert A. Butterworth, Atty. Gen. and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
BARKETT, Justice.
We review Allen v. State, 515 So.2d 256 (Fla. 1st DCA 1987), based on certified conflict with Lane v. State, 470 So.2d 30 (Fla. 5th DCA 1985). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The issue presented is whether a youth sentenced for multiple felonies under the Youthful Offender Act may be sentenced consecutively so that his total commitment exceeds the six-year youthful offender maximum prescribed in section 958.05, Florida Statutes (1979).
Petitioner pled guilty to grand theft and bail bond jumping and was sentenced under the Youthful Offender Act, Chapter 958, Florida Statutes (1979), to four years imprisonment followed by two years of community control for each offense, the sentences to run consecutively.
On postconviction appeal, the First District agreed with petitioner that the sentences were excessive under State v. Milbry, 476 So.2d 1281 (Fla. 1985), which held that a youthful offender cannot be sentenced in excess of the statutory maximum sentence an adult could receive for the same crime. Because grand theft and bail bond jumping each carried a maximum penalty of five years, the district court held that petitioner's total commitment on each charge must be reduced to not more than five years.
The district court rejected, however, petitioner's argument that the imposition of consecutive sentences impermissibly exceeded the six-year maximum prescribed by section 958.05(2). The court adhered to its earlier decision in Harmon v. State, 397 So.2d 1218 (Fla. 1st DCA 1981), wherein it held that a defendant may be sentenced consecutively whenever separate sentences may be imposed for two or more offenses. Id. at 1219.
We disagree and find this case controlled by this Court's analysis in State v. Goodson, 403 So.2d 1337 (Fla. 1981). In Goodson, this Court held the existence of multiple felony convictions does not preclude a defendant from being classified as a youthful offender but merely excludes him from mandatory classification as such. Id. at 1340. In reaching this conclusion, we specifically considered section 958.05(2),[*] which provides, in pertinent part:

*70 958.05 Judicial disposition of youthful offenders.  If the court classifies a person a youthful offender, in lieu of other criminal penalties authorized by law, the court shall dispose of the criminal case as follows:
... .
(2) The court may commit the youthful offender to the custody of the department for a period not to exceed 6 years. The sentence of the court shall specify a period of not more than the first 4 years to be served by imprisonment and a period of not more than 2 years to be served in a community control program. (Emphasis supplied.)
We construed this language as "mandate[ing] that a trial judge not commit a youthful offender to the custody of the Department of Corrections for more than 6 years." Id. at 1339. In so doing, we specifically recognized that a defendant sentenced under the act who had been "convicted of more than one felony would go unpunished for the other felonies if he received the maximum penalty for the first felony." Id. at 1339-40.
We adhere to this construction. To interpret the Youthful Offender Act in any other way would violate the express intent of the legislature to provide a "sentencing alternative," see section 958.021, Florida Statutes (1985), that is more stringent than the juvenile system and less harsh than the adult system. See A Report Submitted to the House Committee on Corrections, Probation and Parole on Senate Bill 165 (May 10, 1978). Clearly, the limitation on the time period for confinement is a primary benefit of the youthful offender alternative. Hence, imposition of consecutive sentences resulting in a total commitment of more than six years would thwart the purpose of the Act.
Additionally, we note the Florida Youthful Offender Act was patterned after the Federal Youth Corrections Act and the Alabama Youthful Offender Act. Senate Corrections, Probation and Parole Committee, Final Senate Staff Analysis and Economic Statement on Senate Bill 165 (April 25, 1978). Analogous provisions of those acts have been interpreted consistent with our position here. See U.S. v. Ortiz, 513 F.2d 198 (9th Cir.) (where defendant committed under Youth Corrections Act on one count, court held it was inconsistent with purpose of Act to treat defendant as adult on second count and impose additional consecutive sentence), cert. denied, 423 U.S. 843, 96 S.Ct. 78, 46 L.Ed.2d 64 (1975); Ex parte Jackson, 415 So.2d 1169 (Ala. 1982) (where statute establishes maximum probationary sentence of three years, defendant convicted simultaneously of two separate felonies and sentenced to three years probation in each must serve the probationary time concurrently rather than consecutively).
Finally, we are unpersuaded by the state's suggestion that section 775.021(4), Florida Statutes (1985), mandates a different result. Although section 775.021(4) directs that a trial judge may order separate sentences to be served concurrently or consecutively, section 775.021(2), Florida Statutes, states that "[t]he provisions of this chapter are applicable to offenses defined by other statutes, unless the code otherwise provides." Here, the Youthful Offender Act expressly directs that its provisions should be applied in lieu of other penalties.
Accordingly, we hold that once a defendant has been classified a youthful offender, the court must adhere to the six-year cap established by the legislature. If trial courts wish to impose consecutive sentences "for the protection of society," as *71 did the First District in Harmon, they properly may decline to classify a multiple offender as a youthful offender and sentence him or her as an adult.
We quash that portion of the district court decision pertaining to this issue and remand for the imposition of concurrent sentences. We approve the decision of the Fifth District in Lane as to this issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Section 958.05, in effect at the time of petitioner's sentencing, was repealed by Laws of Florida (1985), c. 85-288, § 27 (effective July 1, 1985), and replaced by section 958.04. Although we decide the issue presented based solely upon our construction of section 958.05, we note that the current provision, section 958.04(2)(d), expressly provides that which we today find implied in its predecessor:

(2) In lieu of other criminal penalties authorized by law and notwithstanding any imposition of consecutive sentences, the court shall dispose of the criminal case as follows:
... .
(d) The court may commit the youthful offender to the custody of the department for a period of not more than 6 years... . (Emphasis supplied.)