543 So.2d 435 (1989)
James Edward BOFFO, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02076.
District Court of Appeal of Florida, Second District.
May 19, 1989.
Eileen D. Jacobs, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellee.
*436 THREADGILL, Judge.
James Edward Boffo appeals the judgment and ten-year sentence imposed after a violation of probation. The appellant contends the court erred in revoking his probation based on hearsay evidence and in failing to sentence him as a youthful offender. We find that there was sufficient valid evidence to revoke his probation and affirm the judgment. However, we find that because the appellant was originally sentenced as a youthful offender, he should have been sentenced as a youthful offender upon violation of probation. We, therefore, reverse the sentence and remand for resentencing.
In 1985, the appellant pled nolo contendere to three counts of vehicular homicide. The court adjudicated him guilty on all three counts, classified him as a youthful offender, and sentenced him to three years in prison on the first count and three years' concurrent probation on each of the other two counts. The two probation sentences were to run consecutively to the prison sentence, for a total sentence of six years.
The appellant served his prison sentence but was arrested while serving the subsequent probation. The state filed an affidavit alleging that he had violated his probation. Following a revocation hearing in 1988, the court found the appellant guilty and sentenced him to five years in prison on each of the two counts for which he was on probation, to be served consecutively, for a total of ten years in prison. The court rejected the appellant's argument that he should be sentenced as a youthful offender, concluding that the trial judge who originally sentenced the appellant sentenced him as a youthful offender on only the one count for which he received three years in prison, not on the two counts for which probation was imposed. The trial court erred in this regard.
We find no authority for the proposition that a court may adjudicate or classify a defendant to be a youthful offender on one count but not on the other counts in the same information. The original judgment and sentence titled "Information for Vehicular Homicide (3 counts)" indicated that the appellant "was adjudicated guilty of said offense." In the next sentence the judgment indicated that the appellant was "adjudicated guilty as a youthful offender." The judgment then set out the sentence on each count, and the sentences imposed were in accord with the applicable provisions of the Florida Youthful Offender Act. §§ 958.04(2)(c); 958.14, Fla. Stat. (1985). Although the 1985 sentencing transcript is somewhat ambiguous, it does reveal that the trial court twice specified that the appellant was to be sentenced as a youthful offender. We see no evidence in this record that the original sentencing judge intended to treat the appellant as a youthful offender on one count and as an adult on the other two counts. Such would be contrary to the intent of the Youthful Offender Act.
Section 958.14, Florida Statutes (1985), provides that upon violation of probation or community control no youthful offender can be imprisoned for longer than six years or the maximum legal sentence for the offense, whichever is less. Therefore, because the appellant was originally classified as a youthful offender the court erred in sentencing him to the statutory maximum on each offense following revocation of probation. See Watts v. State, 542 So.2d 425 (Fla. 2d DCA 1989); Buckle v. State, 528 So.2d 1285 (Fla. 2d DCA 1988); Brown v. State, 492 So.2d 822 (Fla. 2d DCA 1986).
Accordingly, we affirm the judgment revoking probation but remand for resentencing to no more than six years imprisonment with credit for time served, in accord with the Florida Youthful Offender Act.
Affirmed in part, reversed in part.
SCHOONOVER, A.C.J., and HALL, J., concur.