DANAHY, Acting Chief Judge.
The appellant appeals from the denial of his motion for relief from two illegal sentences. We agree with the appellant that the sentences in question are illegal, and we reverse.
In 1985 the appellant pled guilty to three felony charges filed under three different case numbers. Case No. 85-5013 charged grand theft, Case No. 85-5012 charged commercial burglary, and Case No. 85-5011 charged arson. The appellant was sentenced on all three charges on the same day. In Case No. 85-5013 (grand theft) the appellant was sentenced as a youthful offender to three years incarceration followed by two years community control. In Case No. 85-5012 (burglary) the appellant was sentenced to five years probation consecutive to the sentence imposed in Case No. 85-5013. In Case No. 85-5011 (arson) the appellant was sentenced to fifteen years probation to be served consecutively to the probationary period imposed in Case No. 85-5012.
The appellant filed a motion for relief from the sentences imposed for burglary and arson on the grounds that they exceeded the six-year limitation placed on youthful offender sentences by section 958.05, Florida Statutes (1983), the statute which applied to the appellant’s offenses. That statute provided that a youthful offender could be sentenced to a period of incarceration for a term not exceeding four years and a period of not more than two years to be served in a community control program.
The sentences imposed upon the appellant with respect to the burglary and arson charges clearly were illegal under the holding of the supreme court in Allen v. State, 526 So.2d 69 (Fla.1988). There the court specifically rejected the argument that the imposition of consecutive sentences on a youthful offender, where he is sentenced on more than one charge, may exceed the six-year maximum prescribed by the Youthful Offender Act. Thus, in the case before us, the consecutive probationary terms totaling twenty years imposed on the burglary and arson charges cannot stand.
Accordingly, we reverse and remand with directions that the appellant be granted relief from these two illegal sentences.
FRANK and PATTERSON, JJ., concur.