PER CURIAM.
The state appeals an order sentencing Lezcano as a youthful offender. We affirm.
Lezcano, a nineteen-year-old, was charged with third-degree grand theft, possession of burglary tools, and robbery. He agreed to plead nolo contendere under a youthful offender program pursuant to section 958.04(l)(b), Florida Statutes (1989).[1]
The state objected to the plea at the sentencing hearing, arguing that Lezcano had previously been treated as a youthful offender and was, therefore, precluded from receiving this treatment a second time. See § 958.04(l)(c), Fla.Stat. (1989). The defense argued that Lezcano had not previously been sentenced as a youthful offender but, instead, had merely been placed in a youthful offender facility by the Department of Corrections.
The trial court accepted Lezcano’s plea and adjudicated him guilty as a youthful offender and sentenced him to four years in a youthful offender facility and two *1289 years community control.[2] During sentencing the court stated that “the mere fact he [Lezeano] entered a plea of guilty on a prior case where the Department of Corrections made the determination to send the defendant to a youthful offender facility ... does not limit the court from now determining that this defendant should be sentenced as a youthful offender....” We agree.
The Youthful Offender Act is intended “to improve the chances of correction and successful return to the community of youthful offenders sentenced to imprisonment by providing them with vocational, educational, counseling, or public service opportunities and by preventing their association with older and more experienced criminals during the term of their confinement.” § 958.021, Fla.Stat. (1989). It does so by providing a sentencing alternative “that is more stringent than the juvenile system and less harsh than the adult system.” Allen v. State, 526 So.2d 69, 70 (Fla.1988).
The Act states that the courts have the power to “adjudicate” and “sentence” individuals as youthful offenders, §§ 958.03(5), 958.04(1), 958.07, 958.11(2), 958.13, Fla.Stat. (1989), while the Department of Corrections can “classify” individuals as youthful offenders. Id. The consequences of an adjudication differ from that of a departmental classification. When a court adjudicates an individual as a youthful offender, he must be sentenced under the provisions of section 958.04(2). This affects not only how an individual is treated by the Department of Corrections, see 958.04(4) et seq., but also the length of custody. Adjudicated youthful offenders also receive certain peripheral benefits, such as the sealing of their criminal records. § 958.13, Fla.Stat. (1989). Departmental “classification” occurs after judicial sentencing. The Department of Corrections merely determines what programs and facilities an individual can be assigned to. See § 958.11(6), Fla.Stat. (1989).
In Lezeano’s previous conviction, he was not adjudicated or sentenced as a youthful offender. Lezeano never received the “benefits” of youthful offender classification. Upon sentencing Lezeano was placed in the custody of the Department of Corrections which merely placed him into a youthful offender facility.
In recent years, due largely to the passage of sentencing guidelines, we have witnessed the gradual erosion of judicial discretion in sentencing matters. Therefore, when this limited discretion is properly exercised, we should not curtail it.
Accordingly, we hold that the trial court acted in accordance with section 958.04 when adjudicating and sentencing Lezeano as a youthful offender. Our disposition of this issue renders the remaining issues on appeal moot.
Affirmed.

. The statute provides:
958.04 Judicial disposition of youthful offenders
1) The court may sentence as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 39;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony if such crime was committed before the defendant’s 21st birthday; and
(c)Who has not previously been classified as a youthful offender under the provisions of the act; however, no person who has been found guilty of a capital or life felony may be sentenced as a youthful offender under this act.

. Section 958.04(2) provides that:
In lieu of other criminal penalties authorized by law and notwithstanding any imposition of consecutive sentences, the court shall dispose of the criminal case as follows:
(c) The court may impose a split sentence whereby the youthful offender is to be placed on probation or community control upon completion of any specified period of incarceration; however, if the incarceration period is to be served in a department facility other than a probation and restitution center or community residential facility, such period shall be for not less than 1 year or more than 4 years. The period of probation or community control shall commence immediately upon the release of the youthful offender from incarceration. The period of incarceration imposed or served and the period of probation or community control, when added together, shall not exceed 6 years.
This limitation on the time period for confinement is one of the "primary benefits" of being sentenced as a youthful offender. Allen v. State, 526 So.2d 69, 70 (Fla.1988).