590 So.2d 1074 (1991)
Shane Michael DIMILTA, Appellant,
v.
STATE of Florida, Appellee.
Nos. 90-03167, 90-03681.
District Court of Appeal of Florida, Second District.
December 20, 1991.
*1075 J. Andrew Press, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Shane Dimilta was convicted of burglary and sentenced to a term of fifteen years incarceration. We find no error in the conviction or the sentence for the burglary offense.
When Dimilta committed the burglary, however, he was on probation for a number of previous offenses, sentences for all of which were imposed on June 15, 1988, in eight separate cases. The resulting sentence was 2 1/2 years incarceration to be followed by 5 years probation. Dimilta was designated a youthful offender at that time.
Following the burglary trial from which this appeal has been taken, Dimilta was sentenced upon the violation of his probation stemming from the June 15, 1988 convictions. All sentences were to run concurrently for a total of 4 1/2 years incarceration, which was to run consecutive to the 15 year burglary term. As we explain below, the imposition of the 4 1/2 term was erroneous.
The Youthful Offender Act (YOA), chapter 958, Florida Statutes (1989), limits the total term of incarceration and probation that may be imposed upon a youthful offender to a total of six years. § 958.04(1)(c), Fla. Stat. (1989). Thus, when Dimilta was originally sentenced in June of 1988, his total sentence exceeded the maximum allowed by the YOA. At the hearing upon violation of probation, the trial court explained that it had intended to impose youthful offender sentences of 2 1/2 year terms in four of the cases; and in the remaining four cases the court intended to sentence Dimilta as an adult to 5 years probation. Nevertheless, the youthful offender designation appears on all of the judgments and sentences and sentencing guideline scoresheets. Furthermore, at the sentencing hearing no limitation on youthful offender sentencing was announced. Thus, as in Boffo v. State, 543 So.2d 435, 436 (Fla. 2d DCA 1989):
We find no authority for the proposition that a court may adjudicate or classify a defendant to be a youthful offender on one count but not on the other counts in the same information ... We see no evidence in this record that the original sentencing judge intended to treat the appellant as a youthful offender on one count and as an adult on the other two counts. Such would be contrary to the intent of the Youthful Offender Act.
Although this case is distinguishable from Boffo in that the original sentencing judge is the same judge who sentenced Dimilta upon violation of probation and who expressed the belief that she was sentencing Dimilta as a youthful offender for only some of the offenses, the rationale remains the same. First, the documentary evidence contains no indication of a dual youthful offender/adult scheme. Second, as in Boffo, "[s]uch would be contrary to the intent *1076 of the Youthful Offender Act." Accordingly, the original sentences exceeded the youthful offender guidelines by a total of 1 1/2 years.
The trial court could have initially imposed a probationary term upon Dimilta of up to 3 1/2 years. Thus, when Dimilta committed the burglary from which he has now appealed, he would have still been on probation even had the trial court not exceeded the allowable term. For this reason we reject the appellant's contention that the judge was without authority to sentence Dimilta upon the violation of probation. However, the 4 1/2 year term imposed following the probation violation was excessive under the YOA. Section 958.14, Florida Statutes (1989), provides as follows:
... However, no youthful offender shall be committed to the custody of the department for such violation [of probation or community control] for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated.
As was stated in State v. Watts, 558 So.2d 994, 997 (Fla. 1990):
The plain and ordinary meaning of section 958.14 is clear. The sole function of the language added in 1985 is to restrict the sentence of youthful offenders who violate probation or community control to no more than six years' imprisonment.
Because Dimilta had already been incarcerated for 2 1/2 years, the maximum period of incarceration to be imposed following his violation of probation was 3 1/2 years.
Based upon the foregoing, we affirm Dimilta's conviction and sentence for burglary, but reverse the sentence imposed following violation of his probation and remand for the imposition of a sentence in accordance with the strictures of the Youthful Offender Act.
SCHEB, A.C.J., and PARKER, J., concur.