SCHOONOVER, Chief Judge.
The appellant challenges the judgments and sentences imposed upon him in connection with three felony cases. In two of the cases, the appellant claims that the trial court erred by not suppressing his confessions. In all of the cases, the appellant contends that he was improperly sentenced. We find no merit in his contention that two of the cases should be reversed because the court erred in denying the motions to suppress his confessions. We, accordingly, affirm all of the convictions. We agree, however, that the court erred in sentencing the appellant.
A jury found the appellant guilty of committing robbery with a deadly weapon in circuit court case number 87-4073. Another jury found him guilty of robbery with a weapon in circuit court case number 87-4087. In circuit court case number 87-4086, the appellant pled nolo contendere to a charge of robbery with a weapon and reserved the right to appeal the denial of a motion to suppress his confession.
The appellant was sentenced pursuant to the Youthful Offender Act to serve four years imprisonment followed by two years community control on the robbery with a deadly weapon charge (87-4073). For each of the two convictions of robbery with a weapon, the appellant received sentences of two years community control. The sentence in case number 87-4086 was consecutive to the sentence in case number 87-4073 and the sentence in 87-4087 was consecutive to the sentence in case number 87-4086. The sentences resulted in a total sentence of four years incarceration followed by six years of community control. The appellant filed a timely notice of appeal.
We agree with the appellant’s contention that the sentences imposed upon him exceeded the maximum allowed by law. The trial court sentenced the appellant pursuant to the Youthful Offender Act, section 958.011 et seq., Florida Statutes (1987). Under section 958.04(2)(c), Florida Statute (1987), the maximum sentence that may be imposed is a period of incarceration for a term not exceeding four years followed by two years of community control. Walls v. State, 550 So.2d 40 (Fla. 2d DCA 1989). By imposing two consecutive periods of community control following the sentence for robbery with a deadly weapon, the appellant was sentenced to serve a total of ten years. This sentence exceeded the statutory maximum allowed in youthful offender sentencing. § 958.04(2)(c); Walls.
We, accordingly, affirm the appellant’s convictions but reverse and remand for re-sentencing.
Affirmed in part, reversed in part, and remanded.
CAMPBELL and ALTENBERND, JJ„ concur.