709 So.2d 629 (1998)
Robert Lee HINSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-4386.
District Court of Appeal of Florida, First District.
April 15, 1998.
Robert Lee Hinson, Jr., Appellant, pro se.
Robert Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Robert Lee Hinson, Jr. challenges an order by which his Fla. R.Crim. P. 3.850 motion was denied as untimely and successive. Hinson's sole claim is that his sentence exceeds the statutory maximum for a youthful offender. We reverse.
In a footnote, the trial court's order of denial indicated that even if Hinson was attempting to challenge the legality of his sentence, that was an issue for direct appeal *630 or timely rule 3.850 motion. The trial court's denial also relied in part on language from this court's opinion in Mitchell v. State, 650 So.2d 1084 (Fla. 1st DCA 1995), which provides, "[a]s for appellant's second ground relating to youthful offender sentencing, such is not cognizable under Florida Rule of Criminal Procedure 3.800(a)." However, it is apparent from subsequent case law that a sentence that exceeds the maximum allowed by statute is an illegal sentence. See King v. State, 681 So.2d 1136 (Fla.1996). Such a claim may be raised at any time pursuant to rule 3.850 or rule 3.800(a), depending upon whether an evidentiary hearing is required. See Fla. R.Crim. P. 3.850(b) ("A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time"); Fla. R.Crim. P. 3.800(a) ("A court may at any time correct an illegal sentence imposed by it"). Nothing in the record before us conclusively refutes Hinson's allegations. Accordingly, we reverse. See Schebel v. State, No. 97-2879, ___ So.2d _____(Fla. 1st DCA February 17, 1998) (reversing summary denial of untimely 3.850 claim that youthful offender sentence exceeded the six-year statutory maximum where record did not conclusively refute the claim); Hill v. State, 698 So.2d 931 (Fla. 4th DCA 1997) (reversing summary denial of 3.800 claim that sentence exceeded maximum permitted by Youthful Offender Act where record did not conclusively refute the claim). We certify the following question to the Florida Supreme Court:
Whether a sentence exceeding six years imposed upon a defendant sentenced as a youthful offender under chapter 958, Florida Statutes (1991), constitutes an "illegal sentence" within the meaning of Florida Rule of Criminal Procedure 3.800(a)?
REVERSED and REMANDED for further proceedings.
MINER and KAHN, JJ., concur.
WEBSTER, J., concurs in result only.