PER CURIAM.
In this appeal of his convictions and sentences for burglary while armed and grand theft, appellant asserts as error the trial court’s failure to conduct a Richardson[1] hearing and the imposition of a sentence for grand theft exceeding the statutory maximum. We affirm as to the Richardson issue, *579 but reverse for correction of the sentence for grand theft.
Appellant and three eodefendants were charged with the offenses of burglary and grand theft. Two days before appellant’s trial, the prosecutor noticed in one of the eodefendant’s files a sheet of paper revealing that one of the investigating officers had requested latent print testing on the items which had been taken from appellant’s home. The items had been turned in to the police by appellant’s sister before any charges had been filed, and they were subsequently identified by the victim as some of the items stolen from his trailer. This sheet requesting prints was not in appellant’s file. The prosecutor confirmed that a crime scene technician had been successful in obtaining latent fingerprints from one of the items several months earlier. The prosecutor immediately informed the defense of the existence of the prints, as well as her intention to immediately have the latent prints analyzed. The next day, defense counsel deposed the prints examiner who opined that some of the prints matched appellant’s, but others were unidentified. Just before the trial began, defense counsel made an oral motion in limine as to any evidence pertaining to the latent prints which neither he nor the prosecutor had discovered until two days earlier. The trial court inquired into the circumstances surrounding the alleged discovery violation but denied the motion, finding, essentially, that there had been no discovery violation.
Appellant argues that the state’s delay in reporting the latent prints to the defense was a discovery violation, while conceding that it was inadvertent rather than wilful. Appellant contends that the trial court’s failure to make a full Richardson inquiry was not harmless error because had the defense been able to match any of the unidentified prints on the jar to codefendant Jacobs, it would have “devastated” Jacobs’ testimony for the state against appellant, although appellant offers no logical basis for this contention. In our opinion, the record does not support this argument.
The undisputed evidence on behalf of the state established that some of the stolen items were found in appellant’s possession before the burglary had even been reported. Appellant’s sister, who had been present when the items were delivered to appellant, testified that she became suspicious that the items appellant had received from the code-fendants were stolen. Accordingly, she called the police, and an officer came to the house and removed the items from appellant’s room. Shortly thereafter, the burglary investigation began. When questioned about the items by the police, appellant stated he was merely holding the items for three named individuals who told him they had stolen the items during a burglary. Appellant also maintained that defense at trial. Therefore, the late discovery that appellant’s prints were on one of the items taken from his home was of no surprise or prejudice to appellant, and this fact was not inconsistent with his defense. Even had appellant been able to present an expert witness to opine that none of the prints matched appellant’s, such testimony would not have exonerated appellant.
In addition to the evidence establishing that appellant was in possession of some of the stolen property after the burglary, the testimony of codefendant Jacobs also linked appellant to the burglary. Jacobs testified that he had driven appellant and the other codefendants to and from the burglary; all had participated in the burglary; that the stolen items had been loaded into Jacobs’ truck, and that each of them had kept the items they thought they deserved. Jacobs testified that the item (from which the prints had been taken) was one of the items appellant kept.[2] The defense strongly challenged Jacobs’ credibility, arguing that he.was testifying against appellant to get back at appellant for implicating Jacobs; that Jacobs was getting favorable treatment from the state in exchange for his testimony against appellant; and that Jacobs had previously lied to inves *580 tigators more than once about the burglary. However, even if the unidentified prints on the stolen item were Jacobs’, that fact would not be inconsistent with Jacobs’ own testimony admitting his participation in the burglary.
We therefore conclude that any discovery violation with regard to the prints did not procedurally prejudice the defense in any manner because such evidence was merely cumulative of other undisputed evidence, and not inconsistent with the defense. See, e.g., Pender v. State, 700 So.2d 664 (Fla.1997); Consalvo v. State, 697 So.2d 805 (Fla.1996); B.T.G. v. State, 694 So.2d 767 (Fla. 1st DCA 1997). Accordingly, the trial court’s failure to conduct a full Richardson inquiry was harmless beyond a reasonable doubt. See State v. Schopp, 653 So.2d 1016 (Fla.1995).
As to the remaining issue the state concedes, and we agree, that reversal is required because the trial court imposed a youthful offender sentence of six years for appellant’s third degree felony. See §§ 958.04(2), 775.082(3)(d) and 812.014(2)(c), Fla. Stat. (1995). Therefore, appellant’s youthful offender sentence of six years for his third degree grand theft is illegal, and must be reduced on remand to a maximum of a five-year total sentence of imprisonment and probation. See, e.g., Allen v. State, 515 So.2d 256 (Fla. 1st DCA 1987) (accepting appellant’s argument that a defendant may not be sentenced as a youthful offender in excess of the statutory maximum sentence an adult may receive for the same crime, as correct).
AFFIRMED in part, REVERSED in part, with directions.
MINER and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. Of the numerous items stolen, the only items recovered were those taken from appellant's home.