726 So.2d 359 (1999)
William JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4049
District Court of Appeal of Florida, First District.
January 29, 1999.
Nancy A. Daniels, Public Defender; Fred Parker Bingham II, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
William Johnson appeals his convictions for grand theft and armed burglary of a dwelling and the sentences imposed on account of the convictions. We affirm the convictions. The trial court sentenced him concurrently on each count as a youthful offender to four years' incarceration followed by two years' probation, but did not award credit for time he had spent in jail pending trial and sentencing. Incarceration and probation together exceed the five-year maximum for grand theft. Without credit for time served, both sentences exceed the statutory maximum for a youthful offender. We therefore vacate the sentences and remand for resentencing.
On the ground that improper impeachment testimony was allowed, Mr. Johnson argues for reversal of his convictions for armed[1] burglary of a dwelling under section *360 810.02(2)(b), Florida Statutes (Supp.1996), and for grand theft under section 812.014(2)(c), Florida Statutes (1995). The witness whose testimony was impeached was the sister of a co-defendant who testified as an alibi witness for the co-defendant.
The point is not, however, preserved for review. Mr. Johnson's trial counsel did not object to the testimony now complained of, and failed to join in the co-defendant's objection to the testimony. See Longo v. State, 580 So.2d 212, 215 (Fla. 4th DCA 1991); Smith v. State, 574 So.2d 1195, 1196-97 (Fla. 3d DCA 1991); Harris v. State, 564 So.2d 1211, 1212 Mr. Johnson never requested that "objection by one counsel would stand as an objection by [both] defendants." Charles v. State, 565 So.2d 871, 872 (Fla. 4th DCA 1990).
A sentence whose illegality is apparent on the face of the record may be addressed on direct appeal. See State v. Mancino, 714 So.2d 429 (Fla.1998); Gayton v. State, Case No. 97-3672, 725 So.2d 1179 (Fla. 1st DCA 1998); Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998) (en banc). But see Maddox v. State, 708 So.2d 617 (Fla. 5th DCA) (en banc), review granted, 718 So.2d 169 (Fla.1998).
Imposition of the statutory maximum for a youthful offender was authorized on the armed burglary of a dwelling count but not on the grand theft count. "[A]ppellant's youthful offender sentence [on the grand theft count] ... is illegal, and must be reduced on remand to a maximum of a five-year total sentence of imprisonment and probation. See, e.g., Allen v. State, 515 So.2d 256 (Fla. 1st DCA 1987) (accepting appellant's argument that a defendant may not be sentenced as a youthful offender in excess of the statutory maximum sentence an adult may receive for the same crime, as correct)." Gross v. State, 720 So.2d 578, 580 (Fla. 1st DCA 1998).
On each count, the trial court sentenced Mr. Johnson to four years' incarceration, to be followed by two years' probation,[2] for a combined six years, the maximum permissible for a youthful offender. Section 958.04(2)(c), Florida Statutes (Supp.1996), provides:
The period of incarceration imposed or served and the period of probation or community control, when added together, shall not exceed 6 years.
The failure to grant credit for time Mr. Johnson served in jail before sentence was pronounced caused the sentences to exceed the statutory maximum for a youthful offender, rendering even the sentence on the armed burglary of a dwelling count illegal. See Hinson v. State, 709 So.2d 629 (Fla. 1st DCA 1998); Hill v. State, 698 So.2d 931 (Fla. 4th DCA 1997).
Accordingly, we affirm both convictions, vacate the illegal sentences, and remand for resentencing. If the trial court simply orders credit for time served and reduces by a year the probationary portion of the sentence for grand theft, appellant need not be present for resentencing. See Ewell v. State, 707 So.2d 1164 (Fla. 1st DCA 1998); Arkadile v. State, 695 So.2d 1318 (Fla. 2nd DCA 1997).
KAHN and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] The trial court did not impose a minimum mandatory sentence under section 775.087(2)(d), Florida Statutes (Supp.1996), although the judgment makes reference to section 775.087. The record contained no indication that Mr. Johnson possessed a firearm personally at any time during the course of the burglary.
[2] The written sentence made apparently inadvertent reference to community control. The trial court pronounced sentence in these words:

I'm going to ... sentence you to four years with the Department of Corrections in the youthful offender program, to be followed by a two-year period of probation with the Department of Corrections.
"A defendant's sentence must conform to the oral pronouncement of the sentencing judge as reflected in the transcript. See Stevens v. State, 651 So.2d 831 (Fla. 1st DCA 1995); Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984)." Amador v. State, 713 So.2d 1121, 1122 (Fla. 3rd DCA 1998).