727 So.2d 403 (1999)
Lubins LOUISSAINT, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-931.
District Court of Appeal of Florida, Third District.
March 10, 1999.
Lubins Louissaint, in proper person.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before LEVY, GREEN and SHEVIN, JJ.
SHEVIN, Judge.
Lubins Louissaint appeals an order denying his motion to correct illegal sentence. See Fla. R.Crim. P. 3.800(a). We reverse, finding that Louissaint's motion correctly asserts *404 that the court imposed an illegal sentence.
Upon accepting Louissaint's guilty plea, the trial court sentenced him as a youthful offender, § 958.04(1)(c), Fla. Stat. (Supp. 1996), to three years in prison on four counts of the indictment; the trial court sentenced Louissaint to ten years probation as an adult, on the indictment's remaining two counts. Section 958.04(2)(c), Florida Statutes (Supp. 1996), limits to six years the total term of incarceration and probation that a court may impose on a defendant designated as a youthful offender. Because Louissaint's sentence exceeds the statutory maximum permitted by the statute, his challenge to the legality of his sentence is cognizable by Rule 3.800 motion. See Hinson v. State, 709 So.2d 629 (Fla. 1st DCA 1998); Hill v. State, 698 So.2d 931 (Fla. 4th DCA 1997). See also Allen v. State, 526 So.2d 69 (Fla.1988)(commitment as youthful offender exceeding six years is illegal).
"We find no authority for the proposition that a court may adjudicate or classify a defendant to be a youthful offender on one count but not on the other counts in the same information." Boffo v. State, 543 So.2d 435, 436 (Fla. 2d DCA 1989). It is error to treat Louissaint as a youthful offender on some counts, and as an adult on the remaining counts. Id., (disparate treatment of counts at sentencing contrary to intent of Youthful Offender Act); Dimilta v. State, 590 So.2d 1074 (Fla. 2d DCA 1991). In Johnson v. State, 596 So.2d 495 (Fla. 5th DCA 1992), the Fifth District Court held that a mixed youthful offender and adult sentencing scheme is illegal. "When a court adjudicates an individual as a youthful offender, he must be sentenced under the provisions of section 958.04(2)." State v. Lezcano, 586 So.2d 1287, 1289 (Fla. 3d DCA 1991). "[O]nce a defendant has been classified a youthful offender, the court must adhere to the six-year cap established by the legislature." Allen v. State, 526 So.2d at 70-1.
Based on the foregoing, we reverse the order and remand for resentencing.
Reversed and remanded.