940 So.2d 579 (2006)
Tyler M. PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1975.
District Court of Appeal of Florida, First District.
October 30, 2006.
Mark D. Davis of Andrews, Davis & Sutton, DeFuniak Springs, for Appellant.
Charlie Crist, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct appeal from Appellant's conviction for violating his probation, Appellant challenges the trial court's revocation of his probation and the denial of his petition for a writ of a habeas corpus. We *580 agree that the trial court erred by denying Appellant's petition and reverse. Because the outcome of the petition for writ of habeas corpus controls this case, we do not address Appellant's argument that the trial court erred in revoking his probation.
On January 22, 2002, Appellant was convicted of five counts of falsely reporting a bomb or explosion and was sentenced to four consecutive terms of five years' probation and to five years' imprisonment. The trial court recommended that Appellant be treated as a youthful offender. Upon this recommendation, Appellant was placed in and successfully completed youthful offender boot camp. Thereafter, the trial court modified Appellant's prison sentence and placed him on five years' probation consecutive to the remaining four terms of probation.
An affidavit of violation of probation was filed against Appellant. Prior to the hearing on this affidavit, Appellant filed a petition for writ of habeas corpus arguing that he had served 436 days of imprisonment as of the date of the petition and that he was entitled to immediate release due to his successful completion of boot camp. The trial court denied the petition because it believed that Appellant was only sentenced as a youthful offender on one count of the five count information and that he was sentenced as an adult on the remaining counts. After the presentation of evidence, the trial court revoked Appellant's probation on all counts and sentenced him to two consecutive terms of four years' imprisonment, two concurrent terms of four years' imprisonment, and to 364 days in county jail on the remaining count.
Upon successful completion of boot camp, a trial court is required to reduce a defendant's remaining term of incarceration to probation. § 958.045(5)(c), Fla. Stat. (2001). If a youthful offender who has successfully completed boot camp violates probation, the trial court may impose a term of incarceration not to exceed 364 days. Thomas v. State, 825 So.2d 1032, 1033 (Fla. 1st DCA 2002); Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000); § 958.04(2)(b), Fla. Stat. (2001). Appellant's current sentence is well in excess of this statutory maximum. Contrary to the reasoning of the trial court in its denial, a defendant may not be sentenced as an adult and as a youthful offender on charges arising from the same information. Lynch v. State, 898 So.2d 277 (Fla. 2d DCA 2005); Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999); Louissaint v. State, 727 So.2d 403 (Fla. 3d DCA 1999); Johnson v. State, 596 So.2d 495 (Fla. 5th DCA 1992); Dimilta v. State, 590 So.2d 1074 (Fla. 2d DCA 1991). Because Appellant has already served in excess of the statutory maximum, we reverse the trial court's denial of Appellant's petition of habeas corpus and remand for the immediate release of Appellant as to all charges arising from this information.
REVERSED.
BROWNING, C.J., DAVIS, and LEWIS, JJ., concur.