LaROSE, Judge.
Juan De la Fuente appeals his conviction and sentence for felony battery. See § 784.041, Fla. Stat. (2007). We affirm, except for certain costs items, the judgment and sentence. We write to address costs challenged by Mr. De la Fuente. He filed a timely motion to correct sentencing error. See Fla. R.CrJm. P. 3.800(b)(2). Mr. De la Fuente alleged that the following statutory authorities listed in the trial court’s order imposing costs were outdated:
1) Section 960.20, Florida Statutes, Crimes Compensation Trust Fund;
2) Section 943.25(3), Florida Statutes, Criminal Justice Trust Fund;
3) Section 943.25(13), Florida Statutes,
• Criminal Justice Education by Municipalities and Counties;
4) Section 27.3455, Florida Statutes, Local Government Criminal Justice Trust Fund;
5) Section 939.01, Florida Statutes, Prosecution/Investigative Costs; and
6) Section 318.18(13)(a), Florida Statutes, Court Facilities.
He argues that because the costs were imposed without proper statutory authority, they must be stricken. See Perdue v. State, 17 So.3d 1283 (Fla. 2d DCA 2009). We agree. The correct statutory authorities are as follows:
1) Section 938.03, Florida Statutes (2007), Crimes Compensation Trust Fund;
2) Section 938.01(1), Additional Court Cost Clearing Trust Fund;
3) Section 938.15, Criminal Justice Education for Local Government;
4) Section 938.05(l)(a), Additional Court Costs for Felonies;
5) Section 938.27(1), Judgment for Costs on Conviction; (includes prosecution/investigative costs); and
6) Section 939.185(l)(a), Florida Statutes (2007), Assessment of Additional Court Costs and Surcharges.
The statutory authorities for the Domestic Violence Trust Fund and Rape Crisis Program Trust Fund surcharges, listed on the costs order as “Other” and citing no statutes, are sections 938.08 and 938.085, respectively.
The trial court issued an order granting Mr. De la Fuente’s motion and modified sentencing to cite the correct statutory authority, but not within sixty days as rule 3.800(b)(2) requires. Because the order was not entered timely, it is a nullity and the motion is deemed denied. See Fla. R.Crim. P. 3.800(b)(2); Whitmore *396 v. State, 910 So.2d 308, 308 (Fla. 2d DCA 2005) (citing O’Neill v. State, 841 So.2d 629 (Fla. 2d DCA 2003)). However, Mr. De la Fuente properly preserved the issue for our review. See McGuire v. State, 779 So.2d 571, 573 (Fla. 2d DCA 2001) (explaining that rule 3.800(b)(2) provision deeming motion denied if trial judge does not rule within sixty days allows defendant to preserve alleged sentencing error for appellate review). We reverse and remand for entry of a corrected costs order.
Affirmed in part, reversed in part, and remanded.
CRENSHAW and MORRIS, JJ., Concur.