VAN NORTWICK, J.
In this appeal, D.H., a juvenile, argues that (1) the trial court erred by denying his motion to disqualify the trial judge; and (2) in the disposition order, the trial court impermissibly committed him to a high-risk juvenile facility for a misdemean- or offense. We affirm the trial court’s denial of the motion to disqualify without further comment. We find merit, however, in D.H.’s second issue. Accordingly, we reverse and remand for further proceedings.
In Case Number CJ-538, D.H. was charged with grand'theft of a motor vehicle, a third degree felony (Count I), and misdemeanor battery (Count II). Following a bench trial, D.H. was found not guilty of Count I and guilty of Count II. The trial court scheduled the case for a disposition hearing and requested the Department of Juvenile Justice (the Department) to complete a Pre-Disposition Report (PDR). The PDR considered a number of factors, including that D.H. was being held pursuant to a juvenile detention order pending his commitment to a high-risk residential program in accordance with an earlier delinquency disposition. Ultimately, the PDR recommended committing D.H. to a high-risk facility followed by conditional release, to run concurrent with the terms of his previous adjudications. The trial court agreed with the Department’s recommendation that it was in D.H.’s best interest, considered in light of the public safety, to commit him to a high-risk residential facility, concurrent with the dispositions already administered. The trial court denied defense counsel’s objection to the disposition and this appeal ensued.
An illegal sentence is one which does not comply with Florida Statutes. Moore v. State, 768 So.2d 1140, 1143 (Fla. 1st DCA 2000); see also Hinson v. State, 709 So.2d 629, 630 (Fla. 1st DCA 1998) (“[A] sentence that exceeds the maximum allowed by statute is an illegal sentence.”). Section 985.441(l)(b), Florida Statutes (2012), empowers a trial court to commit to the supervision of the Department a juvenile that is adjudicated delinquent. In this *498 statute, however, the Legislature has limited the scope of a trial court’s commitment authority, as follows:
Notwithstanding subsection (1), the court having jurisdiction over an adjudicated delinquent child whose underlying offense was a misdemeanor may not commit the child for any misdemeanor offense or any probation violation at a restrictiveness level other than minimum-risk nonresidential unless the probation violation is a new violation of law constituting a felony. However, the court may commit such child to a low-risk or moderate-risk residential placement if:
(a) The child has previously been adjudicated for a felony offense;
(b) The child has been adjudicated or had adjudication, withheld for three or more misdemeanor offenses;
(c) The child is before the court for disposition for a violation of s. 800.03, s. 806.081, or s. 828.12; or
(d) The court finds by a preponderance of the evidence that the protection of the public requires such placement or that the particular needs of the child would be best served by such placement. Such finding must be in writing.
§ 985.441(2), Fla. Stat. (2012).
Here, in Case Number CJ-538, D.H. was found guilty only of misdemean- or battery. Pursuant to section 985.441(2), he could be committed, at the most, to a moderate or low-risk facility. Thus, the trial court’s order committing D.H. to a high-risk restrictiveness level was contrary to law.
Accordingly, we REVERSE and REMAND to allow the trial court to enter a disposition order in compliance with Florida Statutes.
ROBERTS, J., concurs.
THOMAS, J., dissents.