DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**TERRELL OWEN WILSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2769

[August 13, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 56-2012CF000946.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

During a joint sentencing hearing, appellant Terrell Wilson was sentenced in one case as an adult and in another as a youthful offender, resulting in a total sentence of ten years incarceration followed by two years supervision. Because the Youthful Offender Statute mandates a sentence of incarceration no longer than six years, we find the sentence illegal.

Following a jury trial, appellant was convicted of two felony offenses—(I) aggravated assault and (II) discharging a firearm—subjecting him to Florida's 10-20-Life Statute. In a separate case, appellant was charged with tampering with a witness. Given appellant's age, the Youthful Offender Statute applied to both cases as a sentencing option.

To resolve the matters, appellant entered an open plea on the tampering charge and was sentenced in both cases at the same hearing. Attempting to fashion a fair sentence, the trial judge granted youthful offender status for the aggravated assault and discharging a firearm convictions and

sentenced appellant on each charge to concurrent sentences of four years incarceration followed by two years supervision. For witness tampering, the trial judge sentenced appellant as an adult to six years incarceration, to run consecutive to the first sentence.

Following the sentence's rendition, appellant filed a Rule 3.800(b)(2) motion to correct illegal sentence, asserting that, pursuant to the Youthful Offender Statute, a youthful offender cannot be sentenced to more than six years imprisonment. The trial court did not rule on the motion within 60 days of filing and the motion was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(1)(B) ("If no order is filed within 60 days, the motion shall be considered denied."); *Sessions v. State*, 907 So. 2d 572, 573 (Fla. 1st DCA 2005); *De La Fuente v. State*, 58 So. 3d 394, 395-96 (Fla. 2d DCA 2011).

The State concedes on appeal that the mixed youthful offender and adult sentence was illegal because it was in excess of the six years allowed by the Youthful Offender Statute. *See Allen v. State*, 526 So. 2d 69, 70 (Fla. 1988) (construing the statute to mandate a youthful offender not be committed to custody of Department of Corrections for more than six years) (quoting *State v. Goodson*, 403 So. 2d 1337, 1339 (Fla. 1981)); *Johnson v. State*, 596 So. 2d 495, 497 (Fla. 5th DCA 1992) (mixed youthful offender and adult sentence over six years illegal). Consistent with the relief granted in *Goelz v. State*, 937 So. 2d 1237, 1238 (Fla. 4th DCA 2006), on remand, appellant may withdraw his open plea, or if he chooses not to, the court must modify appellant's sentence to conform to the Youthful Offender Statute or remove appellant's youthful offender status and sentence him as an adult in both cases.

*Reversed and remanded with instructions.*

GROSS, CIKLIN, JJ., and KASTRENAKES, JOHN, Associate Judge, concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**