PER CURIAM.
I.A. argues in this appeal that the trial court impermissibly committed him to a high-risk placement for two misdemeanor offenses. Because he- was on probation following guilty pleas to two counts of misdemeanor, battery and admitted only to *672 technical violations of probation, under section 985.441(2), Florida Statutes (2014), appellant could be committed, at the most, to a nonsecure residential placement. See D.H. v. State, 114 So.3d 496 (Fla. 1st DCA 2013). Even under the changes made to section 985.441(2) during the 2014 Legislative, session, see Ch.2014-162, § 25, at 43, Laws of Fla. and Ch.2014-162, § 3, at 16, Laws of Fla., the court could not have committed appellant to a high-risk placement. As we did in D.H., we determine the commitment was contrary to law. The trial court could not have committed appellant to a high-risk facility even if it had set out its findings in writing. We therefore REVERSE and REMAND to the trial court for further proceedings.
THOMAS, CLARK, and WETHERELL, JJ., concur.