PER CURIAM.
Corey Grier appeals his convictions and sentences for grand theft, assault, attempted aggravated battery, and discharging a firearm in public.
At the time of his arrest Grier was seventeen years old. The state opted to “direct file” the charges in adult court. Grier moved to dismiss and, upon an adverse ruling, entered a plea of no contest.[1] The motion was based upon section 39.022(5)(e), Florida Statutes (1991), which states that “[e]ach state attorney shall develop written policies and guidelines which govern determinations for filing an information on a child” and requires submission of those guidelines to the governor and legislature no later than January 1, 1991. Apparently the state attorney for the Twelfth Judicial Circuit did not compile or submit any such policies.
In response to Grier’s argument, the state pointed out that the legislature included no specific sanction for noncompliance, and thus that subsection (5)(e) should be viewed as “merely aspirational.” The trial court stopped short of such a dismissive view, stating that Grier might have a remedy if he could demonstrate that the *504 state was selectively prosecuting him as an adult. In the absence of such proof, however, the court would neither dismiss the informations nor transfer the case to juvenile court.[2]
We believe the trial court’s interpretation is both reasonable and sustainable. Under section 39.047(4)(e)(5), the state attorney may “direct-file” against a child over the age of sixteen whenever “in his judgment and discretion the public interest requires that adult sanctions be considered or imposed.” [3] This discretion has been described as absolute. State v. Cain, 381 So.2d 1361 (Fla.1980).[4] We must presume the legislature was aware of its prior enactments, and interpretations thereof such as Cain, when drafting subsection 39.-022(5)(e), and that it would have explicitly stated had it intended to overrule or modify them.
This is not to suggest that Grier is correct when he states “there is [otherwise] no sanction for not following the law,” or that the subsection does not serve a salutary purpose. Certainly a “direct-file” based on discriminatory motive or ethical taint would pose grave constitutional problems, with or without statutory limitations on the power of the prosecutor. Furthermore, should the policy reports from the various state attorneys indicate that the present system of “direct-filing” is fundamentally flawed, curative legislation is likely to be proposed. Noncompliance with subsection 39.022(5)(e) by a state attorney implies disinterest in the juvenile justice system and invites restrictions upon authority heretofore deemed virtually absolute. To the extent the subsection contemplates “sanctions,” they exist in this unspoken admonition.
We affirm the judgment and sentence. In so doing we strongly urge the state attorney for the Twelfth Judicial Circuit to submit the statutorily mandated guidelines if he has not already done so.
Affirmed.
PARKER, A.C.J., and ALTENBERND and BLUE, JJ., concur.

. In exchange for the plea the state dropped certain charges and reduced others. The details of the plea agreement are not material to the issue raised in this appeal.

. The record is silent as to any ulterior motive behind the "direct-filing" and, in fact, strongly suggests that Grier could be prosecuted as an adult under any reasonable standard.

. More specifically, the state may file misdemeanor charges only when the child has committed two prior delinquent acts including at least one felony.

.The relevant statute has changed somewhat since Cain, although not in any way material to our decision.