723 So.2d 830 (1999)
STATE of Florida, Petitioner,
v.
Timothy SCHEBEL, Respondent.
No. 92,469.
Supreme Court of Florida.
January 7, 1999.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Trina Kramer, Assistant Attorney General, Tallahassee, Florida, for Petitioner.
Timothy Schebel, pro se, Sanderson, Florida, for Respondent.
HARDING, C.J.
The State of Florida seeks review of a decision of the First District Court of Appeal. The district court's opinion certified the following questions to be of great public importance:
1. WHETHER CONSECUTIVE SENTENCES EXCEEDING SIX YEARS IMPOSED UPON A DEFENDANT SENTENCED AS A YOUTHFUL OFFENDER UNDER CHAPTER 958, FLORIDA STATUTES (1989), EITHER INITIALLY OR UPON REVOCATION OF PROBATION OR COMMUNITY CONTROL, CONSTITUTE "ILLEGAL" SENTENCES WITHIN THE MEANING OF FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a), AS THAT TERM HAS BEEN DEFINED IN DAVIS v. STATE, 661 So.2d 1193, 1196 (FLA.1995); STATE v. CALLAWAY, 658 So.2d 983 (FLA.1995); AND KING v. STATE, 681 So.2d 1136 (FLA.1996)?
2. WHETHER A CLAIM THAT A DEFENDANT, WHO HAS BEEN SENTENCED AS A YOUTHFUL OFFENDER, HAS NOT BEEN AFFORDED THE CORRECT AMOUNT OF CREDIT FOR TIME PREVIOUSLY SERVED IN JAIL OR PRISON OR GAIN TIME EARNED FROM PREVIOUS INCARCERATIONS, WITH THE RESULT THAT HIS OR HER SENTENCE EXCEEDS THE STATUTORY MAXIMUM FOR YOUTHFUL OFFENDERS, MAY BE CONSIDERED UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(a) IN LIGHT OF THE DEFINITION OF "ILLEGAL" SENTENCE SET OUT IN DAVIS v. STATE, 661 So.2d 1193, 1196 (FLA.1995); STATE v. CALLAWAY, 658 So.2d 983 (FLA.1995); AND KING v. STATE, 681 So.2d 1136 (FLA.1996), AND THE AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(b) AND SECTION 924.051, FLORIDA STATUTES (1995)?
State v. Schebel, 23 Fla. L. Weekly D556, D557 (Fla. 1st DCA Feb. 17, 1998). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Timothy Schebel filed a motion for post conviction relief under Florida Rule of Criminal Procedure 3.850 in the Circuit Court of the Fourteenth Judicial Circuit, alleging that his sentence was illegal as it exceeded the statutory maximum for a youthful offender. The trial court summarily denied his motion, and Schebel appealed to the First District Court of Appeal. The district court found that the issue raised was more properly cognizable under Florida Rule of Criminal Procedure 3.800. The district court also noted that it was unable to determine whether Schebel was entitled to relief "because none of the sentences imposed was attached to the order or included in the record." Schebel, 23 Fla. L. Weekly at D556. In addition to certifying the two questions to this Court, the district court reversed the trial court's order and remanded the case with directions to attach those portions of the record that refute Schebel's allegations and on which the trial court had based its summary denial. See id.
Like the district court, this Court lacks the necessary facts to make a determination of the issues raised by the certified questions in this case. Were we to base an opinion on the speculative facts Schebel alleges, our opinion would necessarily be advisory in nature. Therefore, we conclude that jurisdiction in *831 this case was improvidently granted. The case is therefore dismissed. It is so ordered.
SHAW, WELLS, ANSTEAD, and PARIENTE, JJ., and OVERTON and KOGAN, Senior Justices, concur.