739 So.2d 1164 (1999)
Aundray KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 99-629.
District Court of Appeal of Florida, Fifth District.
July 16, 1999.
Aundray Kelly, Sharpes, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Aundray Kelly appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion. He contends that his sentences are illegal because he was (1) sentenced as a youthful offender but improperly given a three year minimum mandatory term for armed robbery with a deadly weapon; (2) given consecutive sentences in excess of six years as a youthful offender; and (3) sentenced both as a youthful offender and as an adult. The trial court held that the first issue was raised in a prior motion, and therefore could not be reconsidered. The other issues raised were not specifically addressed by the trial court in its order denying relief.

I. LAW OF THE CASE

Successive 3.800(a) motions readdressing issues previously considered and rejected on the merits and reviewed on appeal are barred by the doctrine of law of the case. See, Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996). In the instant case, however, Kelly's first motion was denied on procedural grounds, not on the merits, and no appeal was made of that decision. We find under these circumstances that the issue of the illegality of the sentence may be validly considered at this time.
Although the trial court's order could be reversed for this reason alone, and the case remanded for consideration on the merits, for the sake of judicial economy, *1165 and because the issues raised involve only legal questions, the merits of Kelly's issues are addressed presently.

II. MINIMUM MANDATORY TERM

Kelly's first argument is that a minimum mandatory term cannot be imposed in sentencing a youthful offender. In Porter v. State, 702 So.2d 257 (Fla. 4th DCA 1997), the court held that because a sentence imposed under the Youthful Offender Act, section 958.04, Florida Statutes (1997), is "in lieu of other criminal penalties authorized by law," a defendant sentenced under that act may not also be subjected to a minimum mandatory sentence for use of a firearm. See also Jones v. State, 588 So.2d 73 (Fla. 4th DCA 1991) (mandatory three year sentence for conviction of selling drugs within 1,000 feet of school does not apply to defendant sentenced as youthful offender); Salazar v. State, 544 So.2d 313 (Fla. 2d DCA 1989) (three year minimum mandatory term for use of firearm does not apply to youthful offender). However, those cases were all direct appeals. The question here is whether the sentence imposed, six years with a three year minimum mandatory term, is an illegal sentence reviewable under a Rule 3.800(a) motion.
Recently, in State v. Mancino, 714 So.2d 429 (Fla.1998), the Florida Supreme Court expanded its definition of an illegal sentence reviewable under Rule 3.800(a), instructing that a sentence which patently fails to comply with statutory or constitutional limits is illegal. As noted in Bover v. State, 732 So.2d 1187, 24 Fla. L. Weekly D1033 (Fla. 3d DCA 1999), Rule 3.800(a) motions now routinely rely on the language in Mancino which has been interpreted to allow review of any sentencing error discernable from the face of the record.
Clearly, the imposition of a three year minimum mandatory term in this case is an illegal sentence under Mancino and is discernible from the face of the record. The minimum mandatory sentence imposed as part of the youthful offender sentence runs counter to the decision in Porter and fails to comply with the statutory caveat in the Youthful Offender Act that the exclusive penalty under the act shall be a maximum six year term. We therefore reverse the trial court's order as to this issue.

III. CONSECUTIVE AND COMBINATION SENTENCES

Kelly also argues that his sentences are illegal because he received consecutive youthful offender sentences exceeding the statutory maximum and he received a combination of youthful offender and adult sentences. The first allegation is factually incorrect, as shown by the judgments and sentences. The sentences in 97-30120, 97-30123 and 97-30124 are not youthful offender sentences and the trial court would not normally be bound by the youthful offender limitation. Cf. Schebel v. State, 721 So.2d 1177 (Fla. 1st DCA 1998), appeal dismissed, 723 So.2d 830 (Fla.1999), (consecutive youthful offender sentences exceeding applicable maximum of six years are illegal); Nguyen v. State, 566 So.2d 368 (Fla. 5th DCA 1990) (sentencing court can impose any youthful offender sentence, so long as no matter how many sentences are imposed, the total does not exceed the four years incarceration followed by two years probation or community control allowed by the applicable Youthful Offender Statute).
Kelly's complaint, however, that he should not have been sentenced as both a youthful offender and as an adult has merit. See Johnson v. State, 596 So.2d 495 (Fla. 5th DCA 1992) (a defendant simultaneously sentenced to four years incarceration in two cases as a youthful offender, followed by ten years probation as an adult in two other cases, received an illegal sentence). By sentencing Kelly as a youthful offender and also imposing consecutive adult sentences, the trial court has imposed sentences which do not comply with *1166 the Youthful Offender Act. See Allen v. State, 526 So.2d 69 (Fla.1988) (intent of the Youthful Offender Act was to provide a sentencing alternative more stringent than the juvenile system, but less harsh than the adult system and imposition of consecutive sentences would thwart the purpose of the act).
Because Kelly entered a plea, we remand the case to permit him to withdraw his plea, or if he chooses not to, for the court to determine whether to sentence him as an adult without reference to the Youthful Offender Act, or to limit his sentences as the Act requires.
REVERSED AND REMANDED.
W. SHARP, PETERSON and GRIFFIN, JJ., concur.