ON MOTION FOR REHEARING
PER CURIAM.
We grant the petitioner’s motion for rehearing. Therefore, we withdraw our pri- or opinion and replace it with the following:
Brown petitions this court for an Emergency Petition for Writ of Habeas Corpus, claiming that the 1995 sentence he received in Case No. CR 95-8275 — 162 days jail time, with credit of 162 days served to be followed by six years of supervised probation consecutive to a five-year sentence in the Department of Corrections in Case No. CR95-8233 — was illegal. Brown alleges he was adjudicated guilty, sentenced as described above, and classified as a Youthful Offender. Therefore, he asserts his sentence is illegal since the Youthful Offender Act, section 958.04, limits the time a defendant can receive to a maximum of six years.
It appears his claim has merit. See Allen v. State, 526 So.2d 69 (Fla.1988) (defendant classified as youthful offender and sentenced for multiple felonies may not be sentenced consecutively so that his total commitment exceeds six-year maximum prescribed in Youthful Offender Act); see also Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999). Accordingly, we deny the petition without prejudice to seek relief by filing a renewed motion in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(a) and State v. Mancino, 714 So.2d 429, 433 (Fla.1998).
Petition for Writ of Habeas Corpus DENIED.
ANTOON, C.J., HARRIS and THOMPSON, JJ., concur.