PER CURIAM.
Appellant, a juvenile, challenges the constitutionality of section 985.227(l)(a). Because we find that appellant has not demonstrated that he has been, or assuredly will be, adversely affected by the statute, we decline to reach the constitutional issues raised, and dismiss this appeal.
Upon information directly filed in the Adult Criminal Division of the Circuit Court, appellant, a 15-year-old juvenile, was charged with the crimes of armed robbery and grand theft. Appellant moved to dismiss the charges on grounds that the statute giving the state attorney discretion to direct file the adult charges against him was unconstitutional. The trial court denied the motion. He subsequently entered a negotiated plea of guilty to the lesser charge of burglary of a dwelling, in return for the state dropping the other charge. Appellant specifically reserved his right to appeal the denial of the motion to dismiss, and at sentencing, his attorney renewed the arguments regarding the constitutional infirmity of the statute. After ordering and receiving a predisposition report from the Department of Juvenile Justice (department), the trial court announced at sentencing that it would impose juvenile sanctions. Appellant was adjudicated a delinquent child and committed to the custody of the department for an indeterminate term not to exceed his nineteenth birthday or the maximum allowed by law. Specifically, appellant was ordered into a level six commitment with the department to be followed by a period of post-commitment community control following his release from the commitment.
Appellant argues that the constitutional issues raised in this appeal were not rendered moot by the trial court’s treatment of him as a juvenile since the trial court could impose adult sanctions on him if he *980 fails to successfully complete his juvenile commitment and post-commitment community control. We find no merit in this argument.
Section 985.227(l)(a), Florida Statutes (1997), authorizes the state attorney to directly file adult criminal charges against any child 14 years of age or older who has committed armed burglary, grand theft, or any other felony specified in the statute. Section 985.233(4), Florida Statutes (1997), authorizes a trial court to impose juvenile sanctions on any child who has been charged by information as an adult. Section 985.233(4) also allows a trial court, under specified circumstances, to impose adult sanctions on a juvenile upon whom juvenile sanctions have been previously imposed for a particular offense:
[I]f the court imposes a juvenile sanction and the department determines that the sanction is unsuitable for the child, the department shall return custody of the child to the sentencing court for further proceedings, including the imposition of adult sanctions.
[[Image here]]
If a child proves not to be suitable to a community control program or for a treatment program [as otherwise defined in another provision], the court may revoke the previous adjudication, impose an adjudication of guilt, classify the child as a youthful offender when appropriate, and impose any sentence which it may lawfully impose, giving credit for all time spent by the child in the department.
§ 985.233(4)(b) & (c), Fla. Stat. (1997) (emphasis added).
We agree with the state that appellant’s assertion of the requisite continuing controversy within which this court could address the constitutional issues raised rests entirely upon contingencies which have not yet occurred. We are guided by the principle that constitutional questions should be decided in a case only when they are necessary to the disposition of that case. See, e.g, In re: Estate of Sale, 227 So.2d 199, 201 (Fla.1969); Florida High School Activities Ass’n, Inc. v. Temple Baptist Church, Inc., 509 So.2d 1381, 1383 (Fla. 1st DCA 1987). It is a fundamental principle of constitutional law that a party cannot challenge the constitutionality of a statute unless it can be demonstrated that he has been, or definitely will be, adversely affected by its terms. See, e.g., Henderson v. Antonacci, 62 So.2d 5, 8 (Fla.1952) (“It is a well established principle that the courts will not declare an act of the legislature unconstitutional unless its constitutionality is challenged directly by one who demonstrates that he is, or assuredly will be, affected adversely by it.”). Moreover, while a defendant who pleads guilty to an offense may expressly reserve his right to appeal a prior disposi-tive order in the case, see Fla. R.App. P. 9.140(b)(2)(A)(1999), “[a]n issue is disposi-tive only if, regardless of whether the appellate court affirms or reverses the lower court’s decision, there will be no trial of the case.” Morgan v. State, 486 So.2d 1356, 1357 (Fla. 1st DCA 1986); see also Phuagnong v. State, 714 So.2d 527, 529 (Fla. 1st DCA 1998); Vaughn v. State, 711 So.2d 64, 65 (Fla. 1st DCA), rev. denied, 722 So.2d 195 (Fla.1998).
In this case, while appellant may have initially been charged as an adult, the proceedings against him became, for all intents and purposes, juvenile proceedings once the trial court elected to treat him as a juvenile for purposes of disposition. Appellant emerged from these proceedings without an adult conviction or sentence. He, therefore, cannot show that his rights were actually adversely affected by the state initially charging him as an adult.
A declaration by this court that section 985.227(l)(a), Florida Statutes (1997), is unconstitutional would lead to the same result already achieved in this case— namely, appellant being adjudicated a delinquent child and receiving juvenile sanctions. The mere possibility that appellant might be subject to adult sanctions at *981 some point in the future cannot provide this court with the necessary foundation upon which to decide the constitutionality of the statute in question. A decision regarding the constitutionality of the statute would, in this case, be more akin to an impermissible advisory opinion based on a speculative set of facts than to a decision made within the context of an actual justi-ciable controversy between the parties. See, e.g., State v. Schebel, 723 So.2d 830 (Fla.1999)(declining to base appellate jurisdiction on “speculative facts” because it would lead to an opinion which “would necessarily be advisory in nature”); Santa Rosa County v. Administration Comm’n, 661 So.2d 1190, 1193 (Fla.1995) (“Florida courts will not render ... what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain and rest in the future.”) (emphasis in original; internal quotations omitted). The constitutional issues appellant raises in this appeal would more properly be considered if and when he is ever actually subjected to adult sanctions.
For the foregoing reasons, this appeal is hereby dismissed without prejudice to appellant’s right to raise his constitutional challenges to section 985.227(a)(a), Florida Statutes (1997), if and when he is ever actually subjected to adult sanctions.
BOOTH, J., and SMITH, LARRY G„ Senior Judge, concur; BENTON, J., concurring with written opinion.