781 So.2d 458 (2001)
Waymon M. SWILLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3368.
District Court of Appeal of Florida, Second District.
March 7, 2001.
*459 PER CURIAM.
Waymon M. Swilley appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part, reverse in part, and remand for further proceedings.
On February 21, 1995, Swilley pleaded guilty to carjacking and aggravated battery. The trial court sentenced him to three years' imprisonment, followed by two years' community control, to be followed by one year of probation, as a youthful offender in accordance with section 958.14, Florida Statutes (1993). On November 1, 1997, Swilley was arrested for attempted murder and armed carjacking.
The Florida Department of Corrections filed a violation of community control affidavit, stating that Swilley violated condition five by committing two new offenses and condition twelve by leaving his approved residence without permission. The State did not file an information on the new charges. Subsequently, on June 10, 1998, the trial court revoked Swilley's community control and resentenced him to eight years' imprisonment, followed by five years' probation. The trial court also directed that Swilley be allowed credit for time previously served on both sentences prior to resentencing and that Swilley be given credit for the time served when he was incarcerated upon arrest for the new charges.
On July 28, 1999, Swilley filed a motion to correct illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleged that his sentence was illegal for two reasons: (1) his sentences exceeded the six-year sentence maximum allowed under the Youthful Offender Act, section 958.14; and (2) the trial court failed to award credit for time Swilley already served. Swilley filed an amended motion to correct illegal sentence, reasserting that his sentence exceeded the maximum sentence permitted under the Youthful Offender Act.
The trial court's first order granted Swilley's rule 3.800(a) motion, finding that the eight year sentences exceeded the six-year sentence maximum allowed under the Youthful Offender Act. However, on June 28, 2000, the trial court sua sponte vacated and set aside that order and entered an *460 order finding that Swilley was not entitled to relief. Initially, the trial court stated that Swilley's motions were filed pursuant to rule 3.850. The trial court then proceeded to hold that Swilley's sentences were not illegal because section 958.14 permitted sentencing in excess of six years when a defendant commits a substantive violation. The trial court found that the new offenses of attempted murder and carjacking constituted substantive violations of Swilley's community control. The trial court also rejected Swilley's second challenge, stating the record established that the trial court awarded credit for all the time Swilley served prior to resentencing. The trial court further held that it lawfully delegated to the Department of Corrections the task of determining the proper amount of prison credit earned by Swilley. Swilley timely appealed.
We first clarify that we are reviewing the trial court's denial of Swilley's rule 3.800(a) motion. The brief statement in the second order that Swilley filed his motions pursuant to rule 3.850 is incorrect. Both motions cited rule 3.800(a), and the first trial court order correctly stated that both motions were filed pursuant to rule 3.800(a). Moreover, both issues are properly raised in a rule 3.800(a) motion. See Schebel v. State, 721 So.2d 1177, 1177 (Fla. 1st DCA 1998); Belcher v. State, 685 So.2d 1343, 1343 (Fla. 2d DCA 1996); Tipper v. State, 674 So.2d 934, 934 (Fla. 3d DCA 1996). See also Davis v. State, 661 So.2d 1193, 1196 (Fla.1995) (holding that a sentence that exceeded the maximum period set forth by law may be corrected by a rule 3.800(a) motion).
Swilley's main argument for post-conviction relief is that his sentences exceeded the six-year maximum for youthful offenders. We agree and reverse the trial court's denial of postconviction relief on this ground.
The Youthful Offender Act, section 958.14, provides:
A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever is less, with credit for time served while incarcerated.
The legislature did not define "substantive violation" or "technical or nonsubstantive violation." Courts examining the Youthful Offender Act have defined "substantive violation" as a new, separate criminal offense by a youthful offender. See Meeks v. State, 754 So.2d 101, 103 (Fla. 1st DCA 2000); Robinson v. State, 702 So.2d 1346, 1347 (Fla. 5th DCA 1997). See also Johnson v. State, 678 So.2d 934, 934 (Fla. 3d DCA 1996) (holding youthful offender's commission of grand theft, burglary, possession of burglary tools and resisting arrest without violence are substantive violations). In contrast, a technical violation is a violation of a rule of probation. See Meeks, 754 So.2d at 103-04.
Swilley asserts that the trial court could not find a substantive violation because the State nolle prossed the new charges. We disagree. The filing of a nolle prosequi does not mean that the trial court cannot find that Swilley substantively violated his community control by committing new offenses. Cf. State v. Tuthill, 545 So.2d 850, 851 (Fla.1989) (holding that *461 a new criminal offense can constitute a substantive violation of probation for purposes of imposing a guidelines departure sentence even if the State files a nolle prosequi); State v. Jenkins, 762 So.2d 535, 536 (Fla. 4th DCA 2000) (holding that a new criminal offense can constitute a probation violation even if nolle prossed by the State); but cf. Pendergrass v. State, 601 So.2d 1250, 1250 (Fla. 2d DCA 1992) (reversing probation revocation based upon charges dismissed due to suppressed evidence); Graddy v. State, 517 So.2d 772, 773 (Fla. 2d DCA 1988) (reversing probation revocation where State conceded error in probation violation based upon dismissed charges).
Nonetheless, we reverse the trial court's order on this issue because the portions of the record attached to the order do not establish that Swilley committed a substantive violation. They establish only that he was arrested for attempted murder and armed carjacking and that the State did not file an information on the new charges. The trial court's order states that Swilley admitted violating his community control. If Swilley admitted to committing the new offenses, the trial court could properly find a substantive community control violation. See Robinson, 702 So.2d at 1347. However, the trial court did not attach evidence of this admission to its order. The case progress abstract reflects that sworn testimony was taken at the community control violation hearing, but, again, the trial court did not attach a transcript of that testimony to its order.
Absent evidence of a substantive violation, we cannot affirm the trial court's ruling. Accordingly, we reverse and remand for attachment of the relevant portions of the record. Upon remand, if the record establishes that Swilley committed a substantive violation of his community control, the trial court may again deny Swilley's motion, attaching relevant portions of the record to its order. In the event there is no transcript of the community control violation hearing, the trial court may hold an evidentiary hearing to determine whether the State established a substantive violation of community control by a preponderance of the evidence it submitted at the violation hearing. Should the evidence not show that the State proved that Swilley substantively violated his community control, the trial court must grant Swilley's motion and resentence Swilley to a period not to exceed six years or the maximum sentence for the underlying offenses, whichever is less, with credit for time served.
Swilley's postconviction motions also contend that the trial court did not apply the permissible credit for time served. As to this issue, we affirm the trial court's denial of Swilley's rule 3.800(a) motion because the attached record supports the trial court's ruling that Swilley was awarded credit for time served prior to his resentencing.
Accordingly, the trial court's order denying postconviction relief is affirmed in part and reversed in part, and the case is remanded for further proceedings pursuant to this opinion.
Affirmed in part, reversed in part, and remanded.
GREEN, A.C.J., and DAVIS, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.