BLUE, Chief Judge.
Waymon M. Swilley challenges the trial court’s order summarily denying his claim *1085 filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he alleges that his sentence of eight years’ prison followed by five years’ probation, imposed after revocation of community control, is illegal because it exceeds the six-year statutory maximum for a youthful offender sentence.
The pertinent facts are set forth in Swilley v. State, 781 So.2d 458 (Fla. 2d DCA 2001). In Swilley, we reversed the trial court’s denial of the above claim and remanded to the trial court for attachment of those portions of the record establishing that Swilley violated his community control by committing a new substantive offense.[1] On remand, the trial court found that at the revocation hearing it had determined that Swilley had not violated his community control by committing the new offenses of carjacking and attempted murder but, rather, that he had violated his community control by committing the new offense of felon in possession of a firearm. However, the trial court again failed to attach those portions of the record that support its findings. We are compelled, therefore, to again reverse the trial court’s order. If the trial court again denies this claim in Swilley’s motion, it shall attach those portions of the record that conclusively refute the claim.
Reversed and remanded for further proceedings.
NORTHCUTT and CASANUEVA, JJ., Concur.

. As noted in Swilley v. State, 781 So.2d 458 (Fla. 2d DCA 2001), a trial court, upon revocation of probation or community control, may sentence a youthful offender to a sentence in excess of the six-year statutory maximum if the trial court finds that the youthful offender violated the terms of his supervision by committing a new separate criminal offense. See also State v. Meeks, 789 So.2d 982 (Fla.2001).