859 So.2d 1269 (2003)
Ollie BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3732.
District Court of Appeal of Florida, Fourth District.
November 26, 2003.
Ollie Bryant, Arcadia, pro se.
No appearance required for appellee.
PER CURIAM.
Ollie Bryant appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. Bryant alleged his 192 month sentence as a youthful offender following revocation of probation was illegal as it exceeded the maximum provided in the youthful offender statute. Chapter 958, Fla. Stat. (1998).
If these allegations are true, then Bryant's sentence would be illegal and he would be entitled to relief under rule 3.800(a). See Shaw v. State, 826 So.2d 515 (Fla. 4th DCA 2002); Hill v. State, 698 So.2d 931 (Fla. 4th DCA 1997); Swilley v. State, 781 So.2d 458 (Fla. 2d DCA 2001); Schebel v. State, 721 So.2d 1177 (Fla. 1st DCA 1998) rev. dism. 723 So.2d 830 (Fla. 1999).
The merit of Bryant's claim may hinge on whether his violation of probation was substantive or technical. § 958.14, Fla. Stat. (1998); Swilley, 781 So.2d at 459. The trial court denied the motion stating the sentencing documents showed Bryant was not sentenced as a youthful offender. The trial court failed to provide portions of the record supporting denial or refuting Bryant's claim he was adjudicated a youthful offender and sentenced in excess of the statutory maximum upon revocation of probation. Collins v. State, 805 So.2d 73, 74 (Fla. 4th DCA 2002).
We reverse and remand for further consideration of Bryant's claim.
POLEN, STEVENSON and GROSS, JJ., concur.