COPE, J.
On this appeal, Jose Reyna challenges the constitutionality of paragraph 985.227(l)(b), Florida Statutes (2001). We affirm.
Defendant-appellant Reyna was charged with burglary of an occupied dwelling. At the time of the crime, the defendant was sixteen years old.[1]
Exercising its discretion under paragraph 985.227(l)(b), Florida Statutes, the State elected to direct file an information against the defendant, so that the defendant was prosecuted as an adult. The defendant moved to dismiss the amended information, arguing that paragraph 985.227(l)(b) and subsection 985.227(4), Florida Statutes were unconstitutional. The defendant argued that the statute violated Florida’s separation of powers doctrine and deprived the defendant of the equal protection of the laws.
The trial court denied the motion to dismiss. The defendant entered into a plea bargain whereby he entered a plea of no contest in exchange for one year of probation and a withhold of adjudication. As part of the plea bargain, the defendant reserved his right to appeal the trial court’s denial of his motion to dismiss.
Although the defendant correctly states that the direct file statute has been amended over the years, we conclude that State v. Cain, 381 So.2d 1361 (Fla.1980), remains dispositive and mandates rejection of the defendant’s claim. See also Johnson v. State, 314 So.2d 573, 576 (Fla.1975); Brazill v. State, 845 So.2d 282, 286-89 (Fla. 4th DCA 2003); Grier v. State, 605 So.2d 503, 504 (Fla. 2d DCA 1992); Jones v. State, 443 So.2d 434 (Fla. 5th DCA 1984).
Affirmed.[2]

. The crime date was March 20, 2002.

. The defendant also argued that paragraph 985.227(l)(a), Florida Statutes was unconstitutional. That provision applies to a child who was fourteen or fifteen years of age at the time of the offense. Since the defendant was sixteen at the time of the offense, paragraph 985.227(l)(a) does not apply to him. Thus, we affirm the denial of that part of the defendant’s motion for lack of standing. See State v. Millington, 377 So.2d 685, 687 (Fla.1979); M.Z. v. State, 747 So.2d 978, 979 (Fla. 1st DCA 1999).