PER CURIAM.
Michael Curry appeals from the trial court’s order denying his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.800. We affirm.
This is the defendant’s third 3.800 motion raising the same issue. Each time the appellant raised this issue it was denied as conclusively rebutted by the record, and thus the current appeal is procedurally barred as a successive petition.
From a substantive perspective, the record has not changed: the plea colloquy transcript shows Curry accepted a negotiated plea of guilty to two counts of capital sexual battery which resulted in a sentence of thirty years state prison on each count, and one count of burglary of a structure with a resultant life sentence. Curry claims that the sexual batteries were the primary offenses and that as a result he is being imprisoned longer than he legally should. He is incorrect. The most severe offense was made the primary offense at sentencing, that is, the burglary as a first degree felony with a punishment of up to life in prison. Curry has raised this issue several times already, and each time the judge has pointed him to the record, which shows that his sentence is legal. From both a substantive and procedural standpoint the order denying relief is affirmed. See Kelly v. State, 739 So.2d 1164, 1164 (Fla. 5th DCA 1999)(holding that “[s]uccessive 3.800(a) motions re-addressing issues previously considered and rejected on the merits and reviewed on appeal are barred by the doctrine of law of the case”).
Affirmed.