876 So.2d 623 (2004)
Ollie BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1072.
District Court of Appeal of Florida, Fourth District.
June 16, 2004.
Ollie Bryant, Arcadia, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Ollie Bryant appealed the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. Bryant claimed he was placed on probation as a youthful offender and, after a determination that he had violated probation, was sentenced in excess of the Youthful Offender Act. § 958.14, Fla. Stat. (1997). Because the record did not refute Bryant's claim, we reversed and remanded the case for further consideration. Bryant v. State, 859 So.2d 1269 (Fla. 4th DCA 2003).
On remand, the trial court again denied Bryant's motion attaching portions of the record which demonstrate that Bryant's violation of probation was a substantive violation. Because the violation was substantive, the court could impose a sentence up to the maximum for the offenses. § 958.14, Fla. Stat. (1997) (providing that a violator of youthful offender probation whose violation is substantive must be credited with time served and shall not be sentenced in excess of the maximum permitted for that crime); Swilley v. State, 781 So.2d 458 (Fla. 2d DCA 2001).
The record attached by the trial court reveals that in case numbers 99-8246, 99-11054, and 99-11055, Bryant received sentences of 193.25 months, a little more than sixteen years in prison, for second degree felony burglary charges. The maximum sentence provided by law for a second degree felony is fifteen years. § 775.082(3)(c), Fla. Stat. (1997). Bryant was also given 193.25 months in prison on count two, grand theft, in case number 99-11054. Bryant received this same sentence *624 in case number 99-11128 for attempted burglary. Both grand theft and attempted burglary as charged in these cases are third degree felonies punishable by a maximum of five years in prison. § 775.082(3)(d).
The sentences in these cases exceed the maximum provided by law, violating the express provision of section 958.14 of the Youthful Offender Act. The sentences are illegal.
We reject the state's argument that section 921.001(5), Florida Statutes (1997), may permit the sentences in this case. This section provides that, under the sentencing guidelines, if a recommended sentence exceeds the maximum sentence, then the guidelines sentence must be imposed absent a departure. See Mays v. State, 717 So.2d 515, 516 (Fla.1998). The state's argument is contrary to the rule of statutory construction that, when two statutes are in conflict, the specific statute controls over the general statute. State v. J.M., 824 So.2d 105, 112 (Fla.2002).
Here, the Youthful Offender Act specifically provides for the maximum sentence applicable following a substantive violation of youthful offender probation. The general provisions of the sentencing guidelines do not override the specific provisions of the Act.
We do not address the claim, improperly raised by Bryant for the first time in this appeal, that he successfully completed boot camp and may not be sentenced in excess of 364 days. See Mason v. State, 864 So.2d 1225, 1227 (Fla. 1st DCA 2004). Bryant must first raise this issue in the trial court.
The trial court erred in denying the motion to correct illegal sentence. We reverse and remand for resentencing consistent with this opinion.
FARMER, C.J., KLEIN and HAZOURI, JJ., concur.