PER CURIAM.
Glendon Michael Goelz appeals the denial of his rule 3.800(a) motion to correct an illegal sentence.
Pursuant to a negotiated plea, Goelz pleaded guilty as charged to one count of lewd and lascivious molestation and one count of aggravated stalking, and the State agreed to nolle pross a third count. He was sentenced in accordance with the plea agreement to four years in prison as a youthful offender for aggravated stalking and to a consecutive term of fifteen years sex offender probation with the first two years to be served on community control for lewd and lascivious molestation.
Appellant argues, and the State agrees, that his sentence is illegal.
The trial court could not impose a youthful offender sentence on one count, but not another, even as part of a plea agreement. Kahrs v. State, 816 So.2d 157 (Fla. 2d DCA 2002); Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999). Once the court declared him a youthful offender, pursuant to section 958.04(2)(e), Florida Statutes, the combined sentence could not exceed four years in prison followed by two years probation. Louissaint v. State, 727 So.2d 403 (Fla. 3d DCA 1999). A sentence that exceeds the maximum allowed by the youthful offender statute is an illegal sentence that can be challenged in a rule 3.800(a) motion. See Bryant v. State, 859 So.2d 1269 (Fla. 4th DCA 2003); Kelly; Louissaint; Schebel v. State, 721 So.2d 1177 (Fla. 1st DCA 1998).
The circuit court’s order is reversed. On remand, appellant has the option of withdrawing his plea. If he elects not to withdraw his plea, the court must decide whether to sentence him as an adult without reference to the youthful offender statute or to limit his sentence to a total of no more than four years in prison followed by two years probation. See Kahrs; Kelly. If the court decides to impose a youthful offender sentence or any sentence lower than the negotiated sentence, the state should have the option of withdrawing the negotiated plea and proceeding on the original charges. State v. Swett, 772 So.2d 48, 51 (Fla. 5th DCA 2000); Hawes v. State, 712 So.2d 834, 835 (Fla. 4th DCA 1998). Appellant also has the option of entering an open plea to the original charges.
STONE, SHAHOOD and MAY, JJ., concur.