34 So.3d 142 (2010)
R.T., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D09-987.
District Court of Appeal of Florida, Third District.
April 21, 2010.
Carlos J. Martinez, Public Defender, and Melissa C. Del Valle, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.
Before COPE, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, J.
The appellant, R.T., appeals the trial court's denial of his motion for judgment of dismissal and the subsequent order entered by the trial court withholding adjudication of delinquency and placing R.T. on probation. Because the record reflects that there was insufficient evidence to establish an essential element of the offense charged, we find R.T.'s appeal well-taken. Accordingly, we reverse the orders withholding adjudication of delinquency and denying R.T.'s motion for judgment of dismissal, and remand with instructions to enter an order granting R.T.'s motion for judgment of dismissal.
The pertinent facts are as follows. R.T. was charged with retaliating against a witness in violation of section 914.23(1), Florida Statutes (2008).[1] To prove a violation of section 914.23(1), the State was required to demonstrate that R.T. knowingly engaged in conduct threatening to cause bodily injury to another person with the intent to retaliate against that person for his testimony as a witness in an official proceeding. See id.; State v. Jones, 642 So.2d 804, 805 (Fla. 5th DCA 1994).
Although the evidence supports a finding that R.T. did threaten the witness, the *143 record is devoid of any evidence that the alleged threat was in retaliation for the witness' participation in an official proceeding. In fact, the alleged threat was made prior to any official proceeding taking place. Because the alleged threat occurred prior to the witness' testimony in an official proceeding, it was clearly not made in retaliation of the witness' testimony at an official proceeding. Accordingly, we conclude that the trial court erred in denying R.T.'s motion for judgment of dismissal at the close of the State's case.[2]
Reversed and remanded with instructions.
NOTES
[1] Section 914.23(1) provides in pertinent part:

A person who knowingly engages in any conduct that causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for:
(1) The attendance of a witness or party at an official proceeding, or for any testimony given or any record, document, or other object produced by a witness in an official proceeding . . .
....
or attempts to do so, is guilty of a criminal offense....
[2] The State contends that R.T. was not charged under the correct subsection of section 914.23, and that the evidence supports a violation of section 914.23(2). Thus, the State requests that if we reverse the orders under review, that we do so without prejudice to allow the State to file an amended charging document charging R.T. under section 914.23(2). The State argues that because R.T. was not tried under section 914.23(2), and our reversal is not based on the sufficiency of the evidence, double jeopardy does not bar a successive prosecution. We decline to rule on the propriety of a successive prosecution because, as that issue has not materialized, to do so prior to the initiation of such a prosecution would in essence constitute an advisory opinion. See State v. Schebel, 723 So.2d 830 (Fla. 1999); M.Z. v. State, 747 So.2d 978, 981 (Fla. 1st DCA 1999).