PER CURIAM.
The state appeals a trial court order transferring jurisdiction of this cause, in which the state direct-filed an information against the appellee, to the juvenile division. We reverse based on our holding that the state attorney had discretion to direct-file an information in adult court, notwithstanding the fact that the appellee was seventeen years old.
Section 985.557(b), Florida Statutes (2010), provides that, “[w]ith respect to any child who was 16 or 17 years of age at the time the alleged offense was committed, the state attorney may file an information when in the state attorney’s judgment and discretion the public interest requires that adult sanctions be considered or imposed.” The charges against the juvenile included a felony criminal mischief count.[1] Section 985.557(6) affords the prosecutor the discretion to direct-file an information against this appellee. The appellee had no absolute right to be processed and charged as a juvenile. See Reyna v. State, 866 So.2d 214 (Fla. 3d DCA 2004) (finding that juvenile has no equal protection right to be processed in juvenile, rather than adult, court); Brazill v. State, 845 So.2d 282, 287 (Fla. 4th DCA 2003) (holding that children do not have absolute right to be tried in juvenile system). In this case, the information was properly filed and the trial court erred in transferring the cause that was otherwise properly before it.
Reversed and remanded.

. A misdemeanor charge against a juvenile may not be direct-filed "unless the child has had at least two previous adjudications or adjudications withheld for delinquent acts, one of which involved an offense classified as a felony under state law.” § 985.557(b), Fla. Stat. (2010).