FERNANDEZ, J.
Ulyses West appeals an order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Because the trial court erred in its application of section 958.14, Florida Statutes (2013), we reverse and remand for further proceedings.
On August 17, 2004, Ulyses West pled guilty to the charges of armed robbery and armed burglary and was sentenced to four years in state prison followed by two years of probation. On October 15, 2008, West’s probation officer filed an affidavit of violation of probation. The affidavit set forth two violations: (1) that West failed to report to his probation officer after being released from confinement on February 11, 2008, and failed to report as of August 28, 2008; and (2) that West left his county of residence without the consent of his probation officer as evidenced by his arrest in Broward County on August 28, 2008, for riding a bike with no/improper light and possession of cannabis. The trial judge sentenced West to serve ten years in state prison for violating his probation.
West filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), claiming the trial court erred by imposing a ten-year sentence because, as a youthful offender, he could not have been sentenced to more than six years imprisonment based only on a technical violation. The order denying West’s motion stated that West had committed substantive violations while on probation, and noted that West “failed to report to probation for six months and picked up two new law violations.”
We review the trial court’s application of the Youthful Offender Act de novo. Luscomb v. Liberty Mut. Ins. Co., 967 So.2d 379, 380 (Fla. 3d DCA 2007). The Youthful Offender Act provides:
A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06. However, no youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.
§ 958.14, Florida Statutes (2013) (emphasis added). “[A] ‘substantive violation,’ as the phrase is used in section 958.14, refers exclusively to a violation premised on the commission of a separate criminal act.” State v. Meeks, 789 So.2d 982, 989 (Fla.2001). In contrast, “a technical violation is a violation of a rule of probation.” Swilley v. State, 781 So.2d 458, 460 (Fla. 2d DCA 2001).
*1157 As the State properly concedes, failure to report and leaving the county of residence without permission are technical offenses because they are merely violations of the rules or probation. See Meeks, 789 So.2d at 989; Swilley, 781 So.2d at 460. Under section 958.14, West could not be sentenced for a period of longer than six years for a technical violation. Therefore, we reverse the trial court’s order denying West’s motion to correct illegal sentence.
However, the record before us is unclear as to West’s charges in Broward County on August 28, 2008. While the probation officer’s affidavit indicates that West was arrested for two new offenses, the record includes neither evidence of the offenses nor the disposition of the charges. On remand, the trial court shall determine whether West committed a substantive violation of his probation per his August 28, 2008 charges in Broward County for riding a bike with no/improper light and possession of cannabis. If the record shows that West committed no substantive violation, then the trial court shall correct West’s sentence to comply with section 958.14, Florida Statutes (2018).
Additionally, the record does not indicate whether West’s 2009 plea agreement was a global plea, which resulted in the ten-year sentence. On remand, the trial court shall determine the scope of West’s 2009 plea agreement.
Reversed and remanded for further proceedings consistent with this opinion.