566 So.2d 368 (1990)
Duc Cong NGUYEN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2550.
District Court of Appeal of Florida, Fifth District.
September 6, 1990.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is an appeal from a sentence.
Qualified persons under age twenty-one may receive alternative sentencing treatment under Chapter 958, which sets the criteria for youthful offender treatment and limits the period of incarceration to four years maximum. In addition, the sentencing court can impose two years probation or community service to commence after release from incarceration. § 958.04(2)(c), Fla. Stat. Appellant was sentenced for two third degree felonies, each of which carries a maximum of five years imprisonment. Because he was given the youthful offender "four plus two" on each sentence, albeit to run concurrently, the sentences were technically excessive. Section 958.04(2)(d), Florida Statutes says:
The court may commit the youthful offender to the custody of the department for a period of not more than 6 *369 years, provided that any such commitment shall not exceed the maximum sentence for the offense for which the youthful offender has been convicted. [emphasis supplied].
The sentencing court can impose virtually the same punishment by giving appellant consecutive sentences, neither of which exceeds the "four plus two" youthful offender formula. Under Allen v. State, 526 So.2d 69 (Fla. 1988), the court cannot exceed the six-year cap, no matter how many sentences are imposed at the time he is sentenced. We vacate the sentence and remand for resentencing.
SENTENCE VACATED; REMANDED.
DAUKSCH, GOSHORN and GRIFFIN, JJ., concur.