777 So.2d 461 (2001)
Michael CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-528.
District Court of Appeal of Florida, Fourth District.
February 14, 2001.
John Olea of Richard G. Lubin, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
This is an appeal from an order denying appellant's rule 3.800 motion to clarify his sentence of six years in the Department of Corrections as a youthful offender. Appellant argues that under section 958.04(2)(c), Florida Statutes (1995) he could only have received incarceration for a maximum of four years. That provision, however, which does limit incarceration to not more than four years, applies to "a split sentence whereby the youthful offender is to be placed on probation or community control upon completion of any specified period of incarceration."
Appellant's sentence was authorized by the next paragraph of the statute, section 958.04(d), which authorizes the court to "commit the youthful offender to the custody of the department for a period of not more than 6 years, provided that any such commitment shall not exceed the maximum sentence for the offense for which the youthful offender has been convicted."
Appellant did not receive a split sentence, and accordingly subsection (c), limiting incarceration to four years, does not apply. Appellant's reliance on Nguyen v. State, 566 So.2d 368 (Fla. 5th DCA 1990) is also misplaced. Although the court in Nguyen did observe that incarceration is limited to four years, the court was referring to 958.04(2)(c). In Slaughter v. State, 602 So.2d 699 (Fla. 4th DCA 1992), this court recognized that the maximum youthful offender sentence was six years or the maximum sentence for the offense, whichever is less. Affirmed.
DELL and STEVENSON, JJ., concur.