ON MOTION FOR REHEARING AND/OR CLARIFICATION

STEVENSON, J.
The appellee’s motion for rehearing and/or clarification is granted. The original opinion filed in this case on October 3, 2001, is withdrawn and the following is substituted in its place.
Appellant was sentenced as a youthful offender to five years in prison and one year of probation. In his rule 3.800(a) motion to correct sentence, he argues that the incarcerative portion exceeds the statutory maximum of four years of imprisonment provided by section 958.04(2)(c), Florida Statutes (2000). See also Nguyen v. State, 566 So.2d 368 (Fla. 5th DCA 1990)(noting that chapter 958 limits the period of incarceration in youthful-offender sentences to four years maximum). We agree and reverse the circuit court’s order denying appellant’s rule 3.800(a) motion.
The State argues that because a six-year sentence may be imposed pursuant to the Florida Youthful Offender Act, appellant’s sentence is not illegal within the meaning of Carter v. State, 786 So.2d 1173, 1178 (Fla.2001):
“To be illegal within the meaning of rule 3.800(a) the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. On the other hand, if it is possible under all the sentencing statutes — given a specific set of facts — to impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it.”
(quoting Blakley v. State, 746 So.2d 1182, 1186-87 (Fla. 4th DCA 1999)).
Although section 958.04(2)(d) provides that the trial court “may commit the youthful offender to the custody of the department [of corrections] for a period of not more than 6 years,” subsection 2(c) *885 limits the incarcerative portion of a split sentence to four years. Under subsection (2)(d), the potential six-year commitment to the “custody” of the department refers not only to incarceration in prison, but also to probation and restitution centers, and to community residential facilities as well. Subsection 2(c), which authorizes split sentences, makes clear that under no set of facts may the incarcerative portion of a youthful offender split sentence exceed four years if the incarceration is to be served in state prison, rather than a probation and restitution center or community residential facility.
Accordingly, we reverse and remand for resentencing in accordance with this opinion.
WARNER and TAYLOR, JJ., concur.