844 So.2d 816 (2003)
Matthew J. McKEE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-89.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
Robert Michael Edge, Esq. of Law Office of Robert Edge, P.A, Kissimmee, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Matthew J. McKee appeals the trial court's order summarily denying part of the relief requested in his rule 3.800(a) motion. We reverse and remand for further proceedings.
Pursuant to a negotiated plea agreement, McKee pleaded guilty to one third-degree felony in each of 18 separate cases. Also, as part of the agreement, McKee pleaded guilty to two third-degree felonies in each of two separate cases. Pursuant to the plea agreement, he was sentenced to concurrent terms of 30 months, followed by 24 months of community control, and followed in turn by 18 months of probation as a youthful offender for each crime. In short, McKee was sentenced to concurrent six-year sentences consisting of two and a half years of incarceration followed by three and a half years of supervision.
McKee argued in his motion that the sentences he received in all 20 cases exceeded the statutory maximum of five years for the third-degree felonies to which he pleaded. The trial court granted the motion in part, and resentenced McKee in the 18 cases involving single convictions. However, the trial court denied relief in the two remaining cases. McKee pleaded guilty to two third-degree felonies in each of the two remaining cases. Because the court imposed concurrent sentences *817 of six years, and his "aggregate sentence was below the statutory maximum of ten years for these two cases," the trial court concluded that McKee was not entitled to relief.
The state candidly concedes that the "illegal sentences are apparent from the face of the record because [McKee] was sentenced concurrently to six total years on each third-degree felony," but suggests that McKee "suffers no prejudice as a result of the sentence because even after remand the identical sentence can be imposed." We conclude that the concurrent six-year sentences McKee received in the remaining two cases are illegal because they violate the five-year statutory maximum for third-degree felonies. While section 958.04(2)(d), Florida Statutes, of the Florida Youthful Offender Act allows commitment for a period of not more than six years, it only allows such a sentence "provided that any such commitment shall not exceed the maximum sentence for the offense for which the youthful offender has been convicted." In the instant case, McKee should have received no more than five years for each conviction.
In Nguyen v. State, 566 So.2d 368 (Fla. 5th DCA 1990), in circumstances similar to the instant case, we reversed concurrent sentences of four years incarceration followed by two years supervision for two third-degree felonies, in light of section 958.04(2)(d). We noted that the trial court could "impose virtually the same punishment by giving appellant consecutive sentences, neither of which exceeds the `four plus two' youthful offender formula."
REVERSED and REMANDED for further proceedings.
PETERSON and PLEUS, JJ., concur.