WALLACE, Judge,
Specially concurring.
Akeen Reshawn Poole appeals his judgment and sentence for robbery in circuit court case number 07-CF-009771. In circuit court case number 07-CF-011017, Mr. Poole appeals his judgment and sentence for carrying a concealed firearm. Mr. Poole’s appellate counsel filed an Anders[1] brief suggesting the possibility of sentencing errors in both cases. After a careful review of the record, it appears that the circuit court erred when it imposed the sentence for carrying a concealed firearm in case number 07-CF-011017. However, the error has not been preserved. Accordingly, I concur in this court’s affirmance without prejudice to Mr. Poole’s right to file an appropriate postconviction motion.
On February 26, 2008, Mr. Poole was adjudicated guilty in case number 07-CF-011017 of the third-degree felony of carrying a concealed firearm, a violation of section 790.01(2), Florida Statutes (2006). The date of the alleged offense was May 10, 2007. Mr. Poole was initially sentenced as a youthful offender to three years’ imprisonment followed by two years’ probation. On April 18, 2008, Mr. Poole filed a motion to modify or reduce sentence under Florida Rule of Criminal Procedure 3.800(c). The circuit court denied the motion but resentenced Mr. Poole on May 1, 2008, to two years’ imprisonment followed by four years’ probation.
The sentence of two years’ imprisonment followed by four years’ probation in case number 07-CF-011017 constitutes sentencing error for two reasons. First, the circuit court increased Mr. Poole’s sentence in contravention of double jeopardy principles after the sentence had been imposed and he had begun to serve the sentence. See Nickerson v. State, 927 So.2d 114, 117-18 (Fla. 2d DCA 2006) (finding that the trial court violated double jeopardy principles when it imposed a longer sentence at a resentencing hearing); Busbee v. State, 845 So.2d 1020, 1020 (Fla. 1st DCA 2003) (reversing the defendant’s sentence in an Anders appeal because the circuit court increased the original sentence a day after it was imposed). Second, Mr. Poole’s six-year sentence exceeded the statutory maximum of five years for third-degree felonies. See McKee v. State, 844 So.2d 816, 816-17 (Fla. 5th DCA 2003) (holding that six-year sentences as a youthful offender were illegal because they exceeded the statutory maximum for third-degree felonies).
However, this court could not address these sentencing errors on direct appeal because Mr. Poole did not preserve them for appellate review by objecting during the hearing on the motion to modify or reduce sentence or by filing a motion in accordance with Florida Rule of Criminal Procedure 3.800(b). Fla. R.App. P. 9.140(e); see Jackson v. State, 983 So.2d 562, 568-70 (Fla.2008) (explaining that sentencing errors- — including fundamental errors — must be preserved by contemporaneous objection or through a rule 3.800(b) *1274 motion); Bernal v. State, 9 So.3d 748, 749 (Fla. 1st DCA 2009) (Benton, J., concurring) (explaining the affirmance in an An-ders case of a sentence that presented an arguable double jeopardy issue because the issue was not preserved by a contemporaneous objection or a rule 3.800(b) motion). Accordingly, this court’s affirmance of Mr. Poole’s judgments and sentences is without prejudice to any right he may have to file an appropriate postconviction motion addressing the unauthorized sentence for carrying a concealed firearm in case number 07-CF-011017.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).